## Baron *against* Abeel.

THIS was an action of *trespass* for the *mesne profits*. The cause was tried at the *Washington* circuit, before Mr. Justice *Thompson*, in *June*, 1808. On the trial, the plaintiff produced the record of a judgment obtained against the casual ejector, in an action of ejectment, by default. The service of the declaration on the defendant, and the value of the land during the time he had been in possession, and the costs in the action of ejectment, were proved. The defendant then offered to prove, that before the commencement of the suit in ejectment, he had surrendered the premises to the plaintiff, who accepted the same, and that at the time the declaration in ejectment was served, he was not in possession of the premises, nor had been in possession since he surrendered them to the plaintiff. This evidence was offered not only to defeat the plaintiff's right to recover the *mesne profits*, but also any claim for damages on account of costs in the action of ejectment ; but this evidence was objected to, and overruled by the

After a recovery in ejectment by default, against the casual ejector, the lessor of the plaintiff may maintain trespass for the *mesne profits*, against the tenant, and may also recover the costs of the action of ejectment, ; and the defendant is not allowed to offer any thing in evidence against the demand of the plaintiff, which might have been set up in the original action.

NEW-YORK, judge, who directed the jury to find a verdict for the
Nov. 1808. plaintiff, and to allow the costs in the original action of
Baron.    ejectment. The jury found a verdict accordingly.
v.
Abeel.      A motion was made to set aside the verdict and for a
new trial.

1. Because the evidence offered by the defendant was
improperly rejected.

2. On account of the misdirection of the judge.

*Foot*, for the defendant, contended, that the defendant
might give any thing in evidence, which did not controvert
the plaintiff's title. Though he is precluded from dispu-
ting the plaintiff's title, he may offer any thing in evidence
in mitigation of damages, or to show that the plaintiff is
not entitled to consequential damages. Here the posses-
sion had been delivered up to the plaintiff, and he had no
right to bring the action. In the *English* precedents of
\* *2 Burr. 665.* declarations for *mesne profits*,\* the amount of the costs in
the original action is stated. The defendant having omit-
ted to state them here, ought not to have been allowed to
recover them as part of the damages.

*Weston*, contra, insisted, that, in an action of trespass
for the *mesne profits*, the record of the recovery in the
original action of ejectment was conclusive evidence.
The one action is consequential to a recovery in the other,
and the plaintiff must be, therefore, entitled to his costs,
† *2 Johns. Rep.* as well as the *mesne profits*.† Every thing is to be intended
*366. 3 Wilson,* in favour of the plaintiff, and against the defendant in this
*118. 2 Burr.* action.
*669.*

VAN NESS, J. delivered the opinion of the court. (SPEN-
CER, J. *hesitante*.) The service of a declaration in eject-
ment on the tenant in possession is considered as much the
commencement of the suit, as the service of a *capias
ad respondendum* in personal actions. The lessor of
the plaintiff and the tenant are the real and substantial par-
ties. (*Aslin* v. *Parkin*, 2 *Burr*. 665. *Van Alen* v. *Rogers*,
1 *Johns. Cases*, 288. *Goodtitle* v. *Tombs*, 3 *Wils*. 118.)
Upon filing an affidavit of the service of the declaration,
and entering the common rule, the tenant, if he means to

make a defence, is bound to appear, and if he omits to do so, judgment by default, in effect, is rendered against *him*, because *he* may be turned out of posession, and because *he* is liable for the costs in an action for the *mesne profits*. The effect of a judgment in ejectment, whether by default, or otherwise, upon the rights of the parties is substantially the same as in personal actions. The form of the proceedings is different, but after judgment, the legal consequences are essentially the same. One of these consequences, is, that the lessor has a right to bring an action for the *mesne profits*, for the double purpose of obtaining compensation for the use of the land, and recovering the costs of the ejectment. In the action for *mesne profits*, the defendant is precluded from setting up any defence of which he might have availed himself in the original action of ejectment. It has been said that there is a difference in this respect, between a judgment by default, and a judgment after verdict; but it has been settled otherwise.

In the case of *Aslin* v. *Parkin*, Lord *Mansfield*, in delivering the opinion of the court, says, "there is no distinction between a judgment in ejectment upon a *verdict*, and a judgment by default. In the first case, the right of the plaintiff is tried and determined; in the last case it is confessed."

Again, in *Goodtitle* v. *Tombs*, where the question was, whether one tenant in common could maintain this action against the other, after a recovery in ejectment by default : *Wilmot*, Ch. J. said, "I consider the recovery in ejectment by default, or after verdict, as the same thing," and *Gould*, J. says, " the action for the *mesne profits* follows the ejectment as a necessary consequence, and in this case the judgment by default is of the very same effect as if it had been after verdict. The court will intend every thing possible against the defendant." These cases, especially the latter, are directly in point.

The defence relied upon in this suit would have been a good bar to the recovery in the action of ejectment; and to permit the defendant to set it up here,

NEW-YORK,
· Nov. 1808.

Jackson
v.
Alexander.

would be to try the plaintiff's right to recover in the ejectment. By suffering a judgment to go by default, the defendant has admitted himself to be in possession; and it is now too late for him to controvert that fact. There is no greater hardship in this case than in every other, where the defendant suffers a judgment to be entered against him by neglecting to appear, and defend the suit. The evidence offered was, therefore, properly excluded by the judge, and as the plaintiff claimed only nominal damages for the *mesne profits*, he was entitled to recover that, and the costs in the action of ejectment.

A question was made, on the argument, as to the plaintiff's right to recover the costs under the declaration in this cause; but as the pleadings are not set forth in the case we are unable to give any opinion respecting it. The defendant must take nothing by his motion.

Judgment for the plaintiff.