ALBANY,
August, 1821.

JACKSON
v.
RANDALL.

## JACKSON *against* RANDALL.

THIS was an action of trespass for *mesne profits*. The amount of the recovery being only forty-nine dollars, the defendant claimed a right to recover costs; and *Campbell*, for the defendant, now applied to have them set off against the damages recovered.

*Cady*, contra.

*Per Curiam.* Under the act concerning costs, as it stood previous to the last revision of the laws, if the plaintiff, in an action of trespass, recovered above five dollars, he recovered costs. (*K. & R. Ed.* vol. 1. 530. sess. 24. c. 170. s. 6.) But now, unless the recovery is above *fifty* dollars, the plaintiff must pay costs, unless the freehold or title to the land comes in question. (1 *N. R. L.* 243. sess. 36. c. 96. s. 4.) It does not necessarily follow, from the form of the pleadings, or the nature of the inquiry, upon the trial of an action for *mesne profits*, that the title or freehold did come in question. Ordinarily, it is a mere question of damages. If the plaintiff claims damages for the occupation previous to the time laid in the demise, the defendant may dispute the title anterior to that time; and should such a case arise, it would, undoubtedly, entitle the plaintiff to recover costs. But when the plaintiff only seeks to recover from the time of the demise laid in the declaration, the right to *mesne* profits follows as a necessary consequence of the recovery in ejectment, and the defendant cannot set up a title in bar, even though he may clearly have a better one than the plaintiff. (2 *Johns. Rep.* 371.) If the plaintiff's title cannot be disputed, it cannot be said that the title comes in *question*, within the sense of the term, as used in the statute, which must mean that it was controverted or denied by the defendant. This case must, therefore, fall under the general rule applicable to actions of trespass. The statute does not point out the mode in which it is to be ascertained, whether the title did come in question. But it has been decided by this court, that the certificate of the judge who tried the cause, was the proper evi-

If the plaintiff, in an action of *trespass*, does not recover above *fifty* dollars, he must pay costs to the defendant, unless the freehold or title to land comes in question.

In an action of trespass for *mesne profits*, after a recovery in ejectment, the title, ordinarily, cannot come in question.

If the plaintiff claims damages for the occupation prior to the time laid in the demise, the defendant may dispute the title prior to that time; but where the plaintiff seeks only to recover from the time of the demise laid in the declaration, the right to *mesne* profits follows as a necessary consequence to the recovery in ejectment, and the defendant cannot set up any title or bar.

The certificate of the judge before whom the cause was tried, is the proper evidence of the fact, whether the title did come in question or not.

ALBANY,
August, 1814.

BEARDSLEY'S
Ex'RS.
v.
ROOT.

dence on that subject. (2 *Caines' Rep.* 220.) No such certifi cate having been given in this case, the defendant is entitled to costs, and his right to have them set off against the damages re covered, follows as matter of course.

Motion granted.