##### IN THE

# SUPREME COURT

#### OF THE

## STATE OF NEW YORK,

IN FEBRUARY TERM, 1826, IN THE FIFTIETH YEAR OF OUR INDE-
PENDENCE.

---

### GRAVES and others *against* JOICE.

TRESPASS for mesne profits; tried at the Schoharie cir- cuit, Oct. 26th, 1824, before DUER, C. Judge.

On the trial, the plaintiffs produced the exemplification of a record of a judgment of nonsuit, for not confessing lease, entry and ouster, in an action of ejectment, for land in Blenheim, Schoharie county, in which they were named as lessors, against the defendant. The declaration stated the day of ouster to have been on the 3d May, 1821, and described the premises in the usual general form; and the judgment, which was general, for the plaintiff's term yet to come in the whole premises, was docketed Feb. 18th, 1824. The plaintiffs, also, produced the exemplification of a writ of possession, containing the same general form of description as the declaration; and the return of the sheriff endorsed, that he had caused the plaintiff to have the possession of his several terms yet to come, of, in and to the several tenements, &c. within mentioned, &c.

*In an action for mesne profits, the record in the ejectment suit is conclusive evidence of title in the plaintiff; and where the declaration, consent rule, writ of possession and return, in the ejectment suit, were all in the usual general form; the plaintiff being nonsuited on account of the defendant's not confessing lease, entry and ouster; in an action for the mesne profits; held, that the defendant could not*

The plaintiffs then proved, that by virtue of this writ, a deputy sheriff went with Graves, one of the plaintiffs, to a

show, in mitigation of damages, that the plaintiff brought the ejectment to recover only a small undivided part of the premises in question; but that this was matter of defence in the original action only.

farm, called the M'Kinney farm situate in Blenheim ; which was possessed by the defendant, when the ejectment was commenced. That the deputy understood from Graves, that he claimed only a part of this farm. The deputy delivered possession, by putting the tenant, his family and goods out of the house, and placing the goods in the street ; that the annual value of the farm was about $75.

The defendant's counsel then offered to prove, that the plaintiffs had often, and uniformly admitted, that the ejectment was brought, not for the whole farm, but only one third of one fourth part of it. To this the plaintiff's counsel objected ; but the evidence was received by the judge, on the ground that it was important for both parties to show for what the ejectment was in fact brought, for the purpose of ascertaining the amount of the damages.

The proof offered was accordingly received ; and the plaintiff's counsel admitted the facts to be as sworn to by the defendant's witnesses ; and that, if admissible, the damages should be reduced accordingly ; and the counsel for both parties agreed on the proper sum for which the verdict should be, upon the different views which they entertained, as to the admissibility of the evidence ; and a verdict was taken for the plaintiffs, subject to the opinion of this court.

*J. Powers*, for the plaintiffs, was stopped by the court.

*L. Munson*, contra, said it was perfectly plain from the case, that the plaintiffs were, in fact, entitled to but very small damages ; that the proceedings in ejectment, which are so very general in point of description, should not be conclusive on the defendant as to the quantity of land recovered. In this, as in many other particulars, the form should yield to the substance and truth of the case. These are the objects of an action of ejectment ; but here it is sought to be used for the purpose of working a wrong. We agree that nothing can be set up in the action for mesne profits, which would be a bar to the original action ; but the proof in question merely goes to the amount of damages.

[WOODWORTH, J. But these must always be according to the title established at the trial in the ejectment. This record shows title to the whole land ; not to a part only. Whether you are to recover the whole, or only a part of the interest in the land in controversy, is a question which relates to the title ; as to which the record in ejectment is conclusive. The circumstances might have been such as to warrant an application to this court, to limit the extent of the recovery in the original action ; but it appears to me that it would be overturning all rule to allow that question to be tried in an action for mesne profits.]

The record in ejectment is, generally, no evidence as to the extent of the plaintiff's interest. No doubt this court will interfere summarily ; and restore the lands which the plaintiff has wrongfully taken upon a writ of possession.

If he has taken a several possession, when he is only entitled to one in common, they will do this in the same manner as they will control the extent of an entire possession. And cannot both be as safely and properly done by the judge and jury at the circuit, in the action for mesne profits ? This action is declared to be a liberal one, allowing every equitable defence. (Per Kent, J. in *Murray* v. *Gouverneur*, 2 John. Cas. 441 and 442.) The cases establish the mere general proposition, that the title cannot be controverted ; not that its extent is unquestionable. The latter enters into the amount of damages, the great object of the action. It is impossible for the defendant ever to recover the money back, which will be wrongfully taken from him by this action ; and the court will, if possible, therefore receive the defence. He also cited Adams on ejectment, 192, and the cases in note (*h*).

But *the court*, (*absente* SUTHERLAND, J.) without hearing Powers, in reply, were clear that the plaintiff should recover the whole mesne profits at the highest estimate ; and,

*Per* WOODWORTH, J. The defendant being in possession of the M'Kinney farm, entered into the consent rule generally ; and there being nothing to narrow this in the

course of the ejectment, the plaintiff recovered to whole.    If there is nothing to the contrary in the proceedings in the original action, the consent rule being general, the plaintiff reco-vers all the land of which the defendant is possessed; and he can recover nothing beyond the possession.   It would certainly be violating all precedent to allow of this defence.  It was a defence which peculiarly belonged to the action of ejectment.   This matter should have been put right at the trial in that action.   Nothing is more usual than for the judge to interfere there ; and limit the terms of the verdict to the right as proved in evidence.

SAVAGE, Ch. J.   Neither the Judge nor jury in this action had any thing to do with the manner of taking possession, or the extent to which it was taken under the writ of possession.   To admit either would be to attack the record in a collateral way.   If you may question the effect of the record as to one half, you may do the same as to three fourths ; and the same principle would extend to the whole ; and destroy the rule, that in an action for mesne profits the record · is conclusive.   It has been well observed by Judge Woodworth, that all this is confined to the trial of the ejectment.   The general proposition that the action for mesne profits is an equitable action, relied on by the counsel for the defendant, relates to the measure of damages upon the title, as it appears by the record and proceedings in the original cause.   It cannot be extended so as to intrench upon, or overthrow that title. That the rule is viewed in this light, will be seen by a case lately before us ; (*Jackson* v. *Loomis,* 4 Cowen's Rep. 168.)

Judgment accordingly.(*a*)

(*a*) Vid. *Aslin* v. *Parkin,* (2 Burr. 668 ;) *Van Alen* v. *Rogers,* (1 John. Cas. 283 ;) 1 Phil. Ev. 236, ed. of 1820 ; *Bailey* v. *Fair play,* (6 Bin. Rep 450 ;) *Goodtitle* v. *Tombs,* (3 Wils. 118 ;) *Benson and others* v. *Matsdorf* (2 John. Rep. 369. 371 ;) *Jackson* v. *Randall,* (11 John. Rep. 405 ;) *Same* v. *Stone,* (13 id. 447 ;) *Dewey* v. *Osborn,* (4 Cowen's Rep. 339.)