Lion
v.
Burtis.

17 ; 1 R. L. 347 ; Bradb. on Distr. 127 ; Pennant's case, (3 Rep. 54 ;) Co. Lit. 47, b. ; 2 Saund. 284, b. note (2).

---

LION <i>against</i> BURTIS.

TRESPASS, for mesne profits.    Verdict for the plaintiff. The case is sufficiently stated in the opinion of the court.

A recovery of the mesne profits, intermediate the judgment in ejectment, and affirmance in the court for the correction of errors, pursuant to 1 R. L. 144, is no bar to the common action, for mesne profits for the residue of the time during which the defendant in the ejectment, was in possession.

In trespass for mesne profits, the recovery in ejectment is conclusive evidence of title against the defendant, and his servants, from the time of the demise laid in the declaration.

The action for mesne profits may be sustained by the nominal or real plaintiff in the ejectment.

*M. Wilkins,* moved for a new trial.

*A Burr,* contra.

*Curia,* per WOODWORTH, J. This is an action of trespass for mesne profits. It appeared in evidence, that the plaintiff had recovered judgment in the supreme court, which was affirmed in the court for the correction of errors. After the affirmance, a writ of enquiry was executed, in pursuance of the third section of the act, (1 R. L. 144.) to ascertain the damages as well for the mesne profits, as for any waste committed after the first judgment. The damages thus assessed, have been paid; and it is now contended, that this recovery is a bar to the present action.

The act was intended to give the plaintiff in ejectment compensation for the delay of execution, by reason of the writ of error, between the rendition and affirmance of judgment. It is a remedial statute, which affords a speedy and beneficial remedy for that portion of time; but does not, as I apprehend, in any way affect or impair the right of the plaintiff to damages prior to the judgment. The spirit and design of the act seem to be at variance with the doctrine urged by the defendant. There is a dictum in Buller's N. P. 88, that, "If the plaintiff were, upon the judgment in ejectment being affirmed in error, to have a writ of inquiry, it would probably (if rightly pleaded,) prevent his recovering anything in a subsequent action in trespass." I do not find any authority cited to support this position. It is not noticed by Bacon. The editor, however, has inserted the remarks of Buller in his notes. (2 Bac. Abr. 437.)

The other points raised by the defendant, are, that the judge, at the trial, overruled the evidence offered, to show that the plaintiff had not title. In this action, the judgment recovered is conclusive upon the defendant as to the question of title. The action may be sustained in the name of the nominal or real plaintiff. The record of recovery in ejectment is conclusive evidence of title in the lessor of the plaintiff, from the time of the demise laid against the defendant and his servants; who cannot, therefore, in an action of

Lion
v.
Burtis.

trespass show title m another after that time. (Buller's N. P. 87. 4 Cowen, 329.)

The plaintiff produced the judgment in ejectment and the writ of possession executed, he proved the value of the profits; and was entitled to recover. I am of opinion, that the motion for a new trial be denied.

New trial denied.