ALBANY,
Feb. 1827.

Jackson
v.
Combs.

---

## JACKSON *against* COMBS.

TRESPASS for mesne profits; tried at the Seneca circuit,
March 13th, 1826, before THROOP, C. Judge.

In trespass
for mesne pro-
fits, consequent
on an eject-

ment, and judgment by default against the casual ejector, the defendant can set up no

ALBANY,
Feb. 1827.

Jackson
v.
Combs.

At the trial, it appeared that the plaintiff, *ex dem.* Peter Smith, against John Stiles, recovered judgment in ejectment, by default. The demise was laid March 20th 1819, and the onster on the 1st day of May, 1824. The action was commenced in this court at May term, 1824; and final judgment rendered at October term of that year. In the memorandum of the plaintiff's warrant of an attorney in the record, Combs and one Garrison were stated to be tenants; and the declaration and notice from the casual ejector were directed to, and served on them as tenants, early in May, 1824; at which time Garrison resided on the premises in question, working them on shares as the tenant of Combs. Combs was fully informed what the premises in question were. He had occupied them personally, or by his tenants, from 1817. They were worth $40 per annum.

[*37]

Smith, the lessor in the ejectment, was an *infant till about the 1st of March, 1824, when he came of age. On the 9th of that month, he sold the premises to his uncle, Peter Smith, who took possession, and to whom Garrison attorned, in August, 1824; Combs, the defendant, abandoning all claim to the possession. The value of the premises, intermediate the lessor's coming of age and the taking of possession, was $50. The father of the lessor, as guardian by nature, had received all the rents and profits up to March 1st, 1824.

The defendant insisted on this as a defence *pro tanto;* and the judge held that the father had a right a receive the rents, in his capacity of guardian by nature.

matter of defence admissible in the original action; *e. g.* that he was not in possession of the premises in question.

In the action for mesne profits, founded on a recovery by default against the casual ejector, it is, in general, necessary to show a writ of possession executed.

But not where the tenant voluntarily abandons the possession, and the plaintiff in the ejectment enters.

Where the judgment in ejectment is against the tenant, who comes in and defends, the judgment is sufficient evidence in the action for mesne profits, without any writ of possession executed.

The father, as guardian by nature, has no right to receive the rents and profits of his child's lands.

A father, cannot, by our law, be guardian in socage to his child.

None can be guardian in socage, except one to whom the inheritance cannot possibly descend; but by our statute, it may descend to the father.

Guardianship in socage is, strictly, only till the infant arrives at the age of 14; but it continues after that age, if no other guardian be appointed.

The defendant then moved for a nonsuit, on the ground that, as the judgement was by default, the nominal plaintiff could not recover in this action, unless he showed a writ of possession executed.

This motion was granted by the judge.

*A. Gibbs,* for the plaintiff, moved to set aside the nonsuit; and for a new trial. He insisted, 1. That taking possession was equivalent to the execution of a writ of *hab. fac. poss.;* and 2. That the father, as guardian by nature, had no right to receive the rents and profits of land belonging to his son. 1 Bl. Com. 461; Co. Lit. tit. *Socage,* sec. 123, and note (9) by Butler & Hargrave, compared with their notes (12 and 13) immediately following; Carth. 386; 2 Mass. Rep. 55.

*J. Maynard,* contra, to show that the father might receive the rents and profits, cited 1 Bl. Com. 453; id. 461.

That the plaintiff should have proved the execution executed, he cited Esp. N. P. 495; 11 John. Rep. 441; 13 id. 447; 1 Cowen's Rep. 168; 4 id. 329.

That, in this case, the defendant might controvert the plaintiff's title, he cited 2 Str. 960.

*Curia, per* WOODWORTH, J. This is an action for mesne profits. Judgment was recovered by default in ejectment. The defendant is precluded from setting up any defence of which he might have availed himself in the *original action   Consequently, he cannot be permitted to prove he was not in possession when the declaration was served. 3 John. 481 ; 2 Burr. 668.

No writ of *hab. fac. poss.* was executed; but the defendant abandoned the premises before judgment; and the grantee of the lessor entered and took possession. This entry enured to the benefit of the plaintiff, and rendered the writ unnecessary. When a recovery is against the person in possession, it is sufficient to prove the judgment; because, by entering into a consent rule, the defendant is estopped. But when judgment is aganst the casual ejector,

ALBANY,
Feb. 1827.

Jackson
v.
Combs.

[*38]

an actual entry must be proved. It is usual to produce the writ of possession executed; but this is not indispensable. In *Calvart* v. *Horsfall,* (4 Esp. Rep. 167,) Lord Ellenborough held, that if the plaintiff has been let into possession by the defendant, it is sufficient. And vid. 2 Selwyn's N. P. 784, and notes.

The liability of the defendant for rents and profits, be fore the lessor attained the age of twenty-one, depends on the question whether the father had, by law, a right to receive them as guardian by nature. Blackstone says he must account to his child for the profits; which implies a right to receive. 1 Bl. Com. 488. Coke's Littleton is referred to. It does not, however, support this proposition, as applied to guardian by nature; but to guardian in socage, which ceases when the infant arrives at the age of fourteen, so far as to entitle the infant to enter and take the land to himself. But if no other guardian succeeds, this guardianship will continue. 5 John. 67. The doctrine is critically examined in Butler & Hargrave's Notes to Co. Litt. Lib. 2, ch. 5, sec. 134, note (12.) They observe, it extends no farther than the custody of the infant's person; a peculiarity they did not sufficiently advert to in a preceding note, which was unguardedly expressed as if receiving the profits of land might be a part of the office of guardian by nature. In this capacity, then, the father had no authority to receive rents from the tenant. By the common law, guardian in socage must be a person to whom the inheritance cannot descend. As the father may inherit under our statute, *the guardianship does not devolve on him; and no guardian appears to have been appointed in this case. The tenant is, therefore, liable in this action to pay damages during the time he occupied. The nonsuit must be set aside.

[*39]

New trial granted.[1]

[1] In ascertaining the value of the mesne profits on premises in the city of New York, interest may be computed upon the rents from the expiration of each quarter day. *Jackson* v. *Wood,* 24 Wen. 443. 1 N. Y. Dig. p. 876, s. 738.

Action for mesne profits is abolished by the revised statutes; the remedy

of the plaintiff is by suggestion on the record of judgment in the ejectment suit. *Jackson* v. *Leonard*, 6 Wen. 534. Ib. s. 739.

If the ejectment suit was commenced previous to the revised statutes going into effect, the suggestion may be in the name of the nominal plaintiff. Ib. s. 740.

Semble, a verdict in ejectment is evidence, in an action for mesne profits, against any one in possession of the premises. *Jackson* v. *Hills*, 8 Cow. 290. Ib. s. 741.

So, where the lessor had taken possession under the judgment in ejectment, and brought his action for the mesne profits, and the defendant had, in the mean time, brought ejectment for the same premises, and obtained a verdict; he cannot set up the verdict as a bar to the action for mesne process. Ib. p. 877, s. 742.

The declaration, consent rule, writ of possession and return were all in the usual general form; the plaintiff being non-suited on account of the defendant's not confessing lease, entry and ouster; in an action for the mesne profits; held, that the defendant could show in mitigation of damages, that the plaintiff sued his ejectment to recover only a small undivided part of the premises; for that was matter of defence in the original action only. *Graves* v. *Joice*, 5 Cow. 261. Ib. s. 743.

A verdict and judgment in ejectment is never conclusive, even between the immediate parties, except in an action for mesne profits. *Hopkins* v. *M'Laren*, 4 Cow. 667. Ibid. s. 744.

No defence can be set up in the action for mesne profits, which would nave been a bar to the action of ejectment. *Baron* v. *Abeel*, 3 J. R. 481; *Jackson* v. *Randall*, 11 J. R. 405; *Langendyk* v. *Burhans*, 11 J. R. 461. Ib. s. 745.

Where the title of the lessor, being a life estate, ends before the trial of the cause, the plaintiff, though he cannot turn the defendant out of possession, is entitled to judgment, so as to enable him to recover the mesne profits, but with a perpetual stay of the writ of possession. *Jackson, ex dem. Henderson,* v. *Davenport,* 18 J. R. 295. Ib. 746.

When, during the pendency of an action of ejectment, the defendant gives up the possession to a third person, and afterward the plaintiff recovers judgment, such third person is liable for the mesne profits; the recovery in ejectment being conclusive against him, and he cannot set up a title in himself, as a bar to the action. *Jackson* v. *Stone,* 13 J. R. 447. Ib. s. 747.

If the plaintiff claims damages for the occupation prior to the demise in the declaration in ejectment, the defendant may dispute the title prior to that time. *Jackson* v. *Randall,* 11 J. R. 405. Ib. 748.

Judgment in ejectment against occupants; plaintiffs then bring trespass for mesne profits against the party under whom such occupant held, they must show that at the time of such trespass they had actual possession or title to the premises; 2d, that the defendant or some person by his authority entered on such possession and expelled plaintiff; 3d, that defendants received the rents, issues and profits while the plaintiff was kept out of possession; 4th, that plaintiff before suit commenced had re-entered and regained possession. Having proven these points, the plaintiff will recover

the rents, issues and profits for such part as is proved to have been holden under authority from defendant, and for such time as so held and the value thereof. *Ainslie and Wife* v. *Mayor, &c., of New York,* 1 Barb. 168.   Ib. s. 749.

A writ of error by the defendant will not protect him against an action for the mesne profits.   *Jackson* v. *Delancey,* 5 Cow. 33 ; *Lion* v. *Burtis,* 5 Cow. 408.   Ib. s. 754.

In this action recovery in ejectment is conclusive evidence of title against the defendant and his servants, from the time of the demise laid in the declaration.   Ib.   *Graves* v. *Joice,* 5 Cow. 261.   Ib. s. 755.

It may be sustained by the nominal or real plaintiff in the ejectment.   Ib. s. 756.

The revised statutes abolished the action of trespass for mesne profits after a recovery in ejectment, and instead thereof provide that the plaintiff seeking to recover such damages shall, within one year after the docketing the judgment in ejectment, make and file a suggestion of his claim, which shall be entered upon record, or be attached thereto as a continuation of the same.   2 R. S. 310, s. 44; 2 R. S. 553, s. 17 to 19.   Ib. s. 757.

The plaintiff is entitled to the mesne profits from the time of the demise laid in the declaration in ejectment.   *Van Alen* v. *Rogers,* 1 J. C. 281.   Ib. s. 728.

If the tenant has made improvements on the land, under a contract with the owner, he will not be allowed for them in this action, when brought by a devisee, but must seek his compensation from the personal representatives of the devisor.   Ib. s. 759.

An action of mesne profits is an equitable action, and will allow of every kind of equitable defence.   In error.   *Murray* v. *Gouverneur,* 2 J. C. 438. Ib. s. 760.

It lies against a person who has entered under a contract for a deed, and afterward refuses to perform a contract.   *Smith* v. *Stuart,* 6 J. R. 46.   Ib. s. 761.

After a recovery in ejectment by default against the casual ejector, the lessor of the plaintiff may maintain trespass for the mesne profits against the tenant, as well for the use of land as for the costs of the ejectment *Baron* v. *Abeel,* 3 J. R. 481.   Ib. s. 762.

The right to mesne profits is a necessary consequence of a recovery in ejectment.   *Benson* v. *Matsdorf,* 2 J. R. 369.   Ib. s. 763.

The defendant cannot set up a title in bar, even if he has a better title. Ib.   *Jackson* v. *Randall,* 11 J. R. 405.   Ib. s. 764.

In trespass for mesne profits, consequent on an ejectment, and judgment by default, against the casual ejector, the defendant is precluded from setting up any defence of which he might have availed himself in the original action. Consequently, he cannot be permitted to prove he was not in possession when the declaration was served.   *Jackson* v. *Miller,* 3 Cow. 36.   Ib. s. 765.

When a recovery is against the person in possession, it is sufficient to prove the judgment; because, by entering into the consent rule, the defendant is estopped.   Ib. s. 766.

But when judgment is against the casual ejector, an actual entry must be

proved. It is usual to produce the writ of possession executed, but this is not indispensable. Ib. s. 767.

And where no writ of hab. fac. poss. was executed; but the defendant abandoned the premises before judgment; and the grantee of the lessor entered and took possession; held, that this entry enured to the benefit of the plaintiff, and rendered the writ unnecessary. Ib. s. 768.

In trespass for mesne profits against a bona fide purchaser, the latter is entitled to be allowed the value of his improvements, made in good faith to the extent of the rents and profits claimed. *Jackson* v. *Loomis*, 4 Cow. 168. Ib. s. 769.

Where the defendant held the premises under a contract with the devisor of the plaintiff; held, that the defendant was entitled to prove, that by the permission of the devisor he erected buildings on the premises; and the court say, if the defendant is entitled to pay, he must seek it from the personal representatives of the devisor; and not from the plaintiff, as the defendant's title arose antecedent to the plaintiff's title. *Van Alen* v. *Rogers*, 1 J. C. 281. Ib. s. 770.

In that case, the court do not say what they would have held, had the original owner brought the suit; but, in a subsequent case, held, as to the sum expended for repairs, it may be left for liquidation in an action for the mense profits, if the respondents should think proper to sue for the rents and profits. The action for mense profits is a liberal and equitable one, and will allow of every kind of equitable defence. In error. *Murray* v. *Gouverneur*, 2 J. C. 438. Ib. s. 771.

No defence can be set up in the action for mense profits, which would have been a bar to the action of ejectment. *Baron* v. *Abeel*, 3 J. R. 481. Ib. s. 772.

A recovery of nominal damages in ejectment is no bar to an action for mense profits. *Van Allen* v. *Rogers*, 1 J. C. 281. Ib. 773.

And it is unnecessary to enter a remittur damna. Ib. Ib. s. 774.

An action for mense profits will not lie until a recovery in ejectment; nor will it lie for an injury to the freehold after such recovery; and if the injury was done more than six years before the commencement of the action to recover the damages, the plaintiff is without remedy, although the injury was done after the suit in ejectment was commenced; and the judgment in the latter suit was prevented by an injunction from chancery. *Morgan* v *Varick*, 8 Wen. 587. Ib. s. 775.

Where, after a recovery in ejectment, the plaintiff files a suggestion of his claim for mense profits under the provision in the revised statutes, and the defendant pleads thereto, and a trial is had, and the plaintiff recovers less than $50, he does not recover costs, but pays costs to the defendant. *Broughton* v. *Wellington*, 10 Wen. 566. Ib. s. 776.

The only hardship resulting from this construction of the statute is, that the plaintiff is obliged to proceed in the supreme court; for a justice of the peace cannot take cognizance of the case. The proceedings must be in the court where the records in the ejectment suit is; he is, therefore, without fault of his own, obliged to incur the penalty of paying costs, if he recovers less than $50. Ib. Ib. s. 777.

ALBANY,
Feb. 1827.

Miller
v.
Watson.

The statute of New York, abolishing the action of mesne profits, and substituting a suggestion upon the record, applies only to mesne profits strictly, the right to which results from the recovery in ejectment. The profits, where the plaintiff obtains possession without suit, or without prosecuting suit to judgment; nor does the statute apply where the claim for mesne profits is not solely against the person who was defendant in ejectment, but is against him and others jointly; in such case, trespass for mesne profits may be maintained, even though it appear that the plaintiff, before the ouster complained of, had entered into an executory contract for the sale of the premises, and that his vendee was in possession at the time of the ouster. *Leland* v. *Tousey,* 6 Hill, 328. Ib. s. 778.

In an action for mesne profits, the record of the plaintiff's recovery in ejectment is not conclusive evidence of his title as against strangers to the record, but only as against parties and privies. Ib. Ib. s. 779.