## Case No. 17,031.

### WADLEIGH v. VEAZIE.

[3 Sumn. 165.] [1]

Circuit Court, D. Maine. May Term, 1838.

JURISDICTION OF FEDERAL COURTS—PLEA IN BAR —PENDENCY OF SUIT IN STATE COURT— CONFLICT OF JURISDICTION.

1. It is not a good plea in abatement to a suit in the circuit court of the United States, for the recovery of land, that another action, in which the present defendant is plaintiff, and the present plaintiff is defendant, is pending in the state court, for the recovery of the same land.

[Cited in White v. Whitman, Case No. 17,561; Loring v. Marsh, Id. 8,514; The General Custer, 10 Wall. (77 U. S.) 218; The Prince Albert, Case No. 11,426; Stanton v. Embrey, 93 U. S. 554; Brooks v. Mills Co., Case No. 1,955; Hughes v. Elsher, 5 Fed. 264; Latham v. Chafee, 7 Fed. 522; The Tubal Cain, 9 Fed. 837.]

[Cited in Wilson v. St. Louis & S. F. Ry. Co., 108 Mo. 588, 18 S. W. 289; Smith v. Atlantic Mut. Fire Ins. Co., 22 N. H. 27; Knaus v. Jenkins, 40 N. J. Law, 291; Wood v. Lake, 13 Wis. 91.]

2. To sustain a plea of the pendency of another action, it must be generally shewn, that the two actions are by the same plaintiff against the same defendant, and founded on the same cause of action.

[Cited in Seymour v. Malcolm McDonald Lumber Co., 7 C. C. A. 593, 58 Fed. 961.]

[Cited in King v. Chase, 15 N. H. 15.]

3. Quære, where the plaintiff is the same and the cause of action the same, whether there is any case, where the defendant must not be the same in the two suits, in order to sustain the plea.

4. In cases of concurrent jurisdiction in the state court and the circuit court of the United States, the latter has no discretionary authority to stay, or control the suit, or to refuse jurisdiction in order to prevent a collision between the two courts.

[Cited in Loring v. Marsh, Case No. 8,514; Wilmer v. Atlanta & R. A. L. Ry. Co., Id. 17,775.]

[Cited in Kittredge v. Emerson, 15 N. H. 279.]

This was a writ of entry for certain land situate in Orono, in the county of Penobscot. The tenant put in a special plea in abatement of another action pending, as follows:—Because the said Veazie, the defendant, heretofore and before the commencement of the plaintiff's action, to wit, on the thirty-first day of October, in the year of our Lord one thousand eight hundred and thirty-six, sued out his writ from the clerk's office of the court of common pleas of the state of Maine for the county of Penobscot, against the said Jesse Wadleigh and one Ira Wadleigh and James Purrington, in which said writ the said Veazie declared against said Jesse, Ira, and James in a plea of land, wherein said Veazie demanded, against said Ira, Jesse, and James, a certain tract of land with the appurtenances, situate in Orono, in said county of Penobscot, containing about five acres, &c., &c., which said writ was duly served upon said Ira, Jesse, and James, and said writ and suit were duly entered at and in

1 [Reported by Charles Sumner, Esq.]

said court of common pleas, to which the writ was returnable at its then next session holden at Bangor, within and for said county of Penobscot, on the first Tuesday of January, in the year of our Lord one thousand eight hundred and thirty-seven, and that thereupon and thereby said Veazie impleaded said Ira, Jesse, and James in said court; and the said Veazie avers, that the land demanded in this suit and in the declaration of said Jesse is the same land demanded in the writ and declaration of said Veazie as aforesaid, as by the record thereof in the same court remaining appears. And that the said Samuel Veazie, the now defendant, and the said Jesse Wadleigh, the now plaintiff, are the same persons that are named in the said writ and declaration of said Veazie, and not other or different. And that the plea aforesaid of said Veazie against said Ira, James, and Jesse yet remains in said court of common pleas undetermined and yet pending, and this he is ready to verify. To this plea there was a demurrer and joinder in demurrer.

Kent & Sprague, for the plea.

Mr. Rogers, against the plea, and for the demurrer.

Before STORY, Circuit Justice, and WARE, District Judge.

STORY, Circuit Justice. The sole question arising in this case is, whether the pendency of another action, in the state court for the recovery of the same land, in which the present defendant is plaintiff, and the present plaintiff is defendant, at the commencement of the present suit, is a good plea in abatement to this suit. I must say, that I know of no such plea at the common law; and there is no pretence to say, that any such plea is provided for by the laws of the United States. In all cases, in which the pendency of another action is pleadable at the common law to the second suit, two things must generally concur; first, that the second suit should be by the same plaintiff against the same defendant; and secondly, that it should be for the same cause of action. The latter doctrine is universally true; for the plea is founded, as was said in Sparry's Case, 5 Coke, 61, upon the maxim, "Nemo debet bis vexari si constet curiæ, quod sit pro una et eadem causa." And unless the plaintiff be the same, the cause of action cannot be the same; since a grievance, or wrong, or injury to a plaintiff, sought to be redressed in one suit, can never be the same grievance, wrong, or injury, which the defendant in that suit seeks as plaintiff to redress in another suit. The wrong done to A exclusively can never, in any propriety of language, be called the same wrong done to B exclusively, though it may arise from the same identical act. An action for an assault and battery brought by A against B, for which he seeks damages, cannot be the same cause of action as an action for an assault and battery brought by B against A, though it may arise out of the same transaction; for the injury to A is not the injury

to B. I am aware, that upon the other point there is some apparent diversity in the authorities. All of them agree, that the plaintiff must be the same; for otherwise the cause of action cannot, in a just, legal sense be the same. But some of the authorities hold, or incline to hold, that if the plaintiff is the same, and the cause of action is the same, the defendants need not be the same in each suit. Thus, it has been said, that a suit in trespass by A against B may be pleaded in abatement of another suit for the same trespass against B and C; at least, it. may be pleaded by B. The case of Bedford v. Bishop of Exeter, Hob. 137a, and Rawlinson v. Oriett, Carth. 96, may be cited on this point. But perhaps these cases are distinguishable; or at all events may require farther consideration. But I give no opinion on the point raised in them, because unnecessary upon the present occasion. See Com. Dig. "Abatement" (F) 24; Bac. Abr. "Abatement" (M).

In the present case, it is impossible to say that the cause of action is the same. It is true, that the land in controversy in the present action is the same as is in controversy in the other action pending in the state court of Maine. But the causes of action are not the same. In the action in the state court, Veazie is the demandant; and in the present action he is the tenant. In the former Veazie complains of a disseizin done to himself; in the latter, he is charged as being guilty of a disseizin of the present demandant, and consequently as a disseizor. The grievance, therefore, complained of in these actions cannot with any propriety of language be affirmed to be the same. The disseizin of A cannot ever be said to be in a legal sense the disseizin of B; and, a fortiori, it is impossible to say that both parties are disseizors by the same act, when each insists that he is disseizee. The gravamen, then, in these actions is not, and cannot be, the same; and therefore the plea is upon its very face repugnant and unmaintainable.

But it is suggested, that this court possesses a sort of discretionary authority in cases of this sort, where there is a concurrent jurisdiction in the state court and in this court, to interfere to prevent a collision of jurisdictions and a conflict of decisions as to the title to the land. I know of no such authority. If the parties are rightfully before this court in a case within its jurisdiction, however unpleasant it may be to entertain a suit here, in regard to which there may possibly be a diversity both of verdict and judgment from those given in the state court, I. know not, how that is to be avoided. I should deeply regret such an occurrence; but still I am not aware, how the court can escape from its duty, in any case, which congress has confided to its jurisdiction. If a plaintiff should bring an ejectment in a state court, and should recover and be put into possession, and then the defendant, being a citizen of another state, should bring an ejectment in the circuit court of the United

States, in the same state, to recover back possession of the land, I know of no power in the circuit court to stay, or control the suit, or to refuse jurisdiction over the cause. Yet, in such a case, there may be directly conflicting verdicts or judgments on the same title. The case has often occurred; and may in the future, as in the past, occur again. It is one of the unavoidable difficulties growing out of our complex system of government. The objection, if it has any force whatsoever, is aimed, if not at that system, at least at the propriety of allowing any concurrent jurisdiction whatsoever over the same subject-matter in the state courts and in the United States' courts. Which courts, in such a conflict, ought to be invested with exclusive jurisdiction, is a point with which I do not intermeddle. Perhaps it will be found. upon full examination, that there is great weight of argument on each side of the question, if a reconstruction of the constitution, and its competency to administer entire justice for the whole Union, as well as for its several parts, were the topic of discussion. But this is not the time or the place for such a discussion. "Ad constitutam diem tempusque non venitur."

The district judge concurs in this opinion; and, therefore, let a respondeat ouster be awarded.