Caruthee‘3, J.,
delivered the opinion of the Court.
This is an action of trespass for mesne profits, after a recovery in ejectment. The plaintiff appealed, and the case is brought up by defendant by writ of error. The pleas were, not guilty, and statute of limitations.
■ The plaintiff recovered $590 damages.
On the plea of the statute of limitations, the Court charged that if the suit was brought within three years from the termination of the action of ejectment, the verdict should be against the defendant, and he would be liable for rent from the date of the demise until he surrendered the possession. The defendant insists that this ivas erroneous, and that the plaintiff could only recover for three years anterior to the institution of the suit. There is no controversy as to the action having been commenced in proper time ; that is, in less than three years from the final judgment in ejectment. But the *460 question arises upon the extent of the liability where the plea of the statute of limitations is interposed. There is a conflict of the authorities on this subject. There is no doubt but that the plaintiff who recovers in ejectment has a right to demand, in this action, the rents and profits for the whole time possession has been wrongfully withheld by the defendant, unless the plea of the statute is relied upon. The judgment in ejectment settles the right to recover no further hack than to the date of the demise in the declaration; hut beyond that the title again comes in question, unless proof of it is waived. 2 Arch. N. P. 431; 19 Law Lib., 5th series. Tillinghast’s Adams on Eject., 334; 4 Cowan, 329; 2 John. R., 369; 11 John., 405.
All that is very clear, but the question of difficulty is, when the statute is pleaded, can the rents be recovered for more than the period of limitation anterior to the institution of the suit for mesne fro jits ?
The action for mesne projits is brought after the right to the land is legally established by the judgment in ejectment. It is subsidiary to or consequent upon that action. The one establishes the right to the land adversely held, and regains the possession wrongfully retained, and the other the damages for the use of it. Originally, (and it is still so in some of the States,) the practice was, when the plaintiff recovered the land, to give him at the same time damages to the extent of the profits of the same during the time for which it was tor-tiously held by the defendant. Tillinghast’s Adams, 328. But by our practice, the damages are nominal in ejectment, and a distinct action for the profits must be brought. To this the Code conforms, sec. 3259. In this section, the right to bring this action depends upon the recovery in ejectment. Such was the law before. The right to sue, then, did not accrue until the prior action was determined, and consequently the statute did not begin to run until that time. Threfore it is no bar in this case.
It is true that most of the elementary books, as well as some reported cases, lay it down that the plea of the statute *461 limits the recovery to tbe term prescribed for the bar. All such authorities trace that principle to a sentence in Buller’s N. P., 87, where no sufficient authority is cited to sustain it. The question has been more than once before the Supreme Court of North Carolina, and expressly decided against the remark of Judge Ruller. 1 N. C. Law Repository, 95; 2 Hay., 381; Murphy v. Guion, 2 Murphy, 238.
Tf the action cannot be brought until recovery in ejectment, it must be very clear that the statute does not begin to run until that time. But it may be said that an action of assumpsit or debt for use and occupation would lie at any time, and therefore the bar applies. This is not so. 4 Yerg., 305. That action only lies upon an implied promise, arising upon an occupation by consent or permission. 1 Arch. N. P., 98; 18 Law Lib. Not where it is wrongful and adverse. Til. Adams, 829. It has been said that the trespass may be waived, and an action brought for use and occupation; but if this be so, it must be limited to the profits accruing antecedently to the time of the demise in ejectment, “for the action for use and occupation is founded on contract, and ejectment upon wrong; and they are therefore wholly inconsistent with each other when applied to the same period of time; since in the one action the plaintiff treats the defendant as a tenant, and in the other as a trespasser.” Ib.
It would seem incongruous to entertain an action for rents when there was no contract, and the land held by adverse claim, before the establishment of his title by the plaintiff in a suit appropriate to that purpose. How could a contract to pay rent be implied when the defendant held adversely ? Or would the title have to be tried in a suit for rent? We take it, the proper doctrine is, that the plaintiff, in case of disputed title, and adverse claims, must first settle his right to the land by the appropriate action, before he can sue for the use of it. If this be so, no right of action for mesne profits accrues until final judgment in ejectment. Consequently, if this action was brought within the prescribed time from that period, the plea of the statute must be found against the de *462 fendant, and the plaintiff may recover for his possession to the date of the demise, as charged by the Court,.
The second error assigned for the defendant is, that the Court refused to allow proof that John Elliott, who conveyed this land in trust to Avent, was to retain the possession and use, until it become necessary to sell it for the purposes of the trust, and for a part of the time at least under that provision, ihe defendant would be liable to Elliott, and not to Avent, the plaintiff. The Court was right. Avent had the legal title, and successfully asserted it in the action of ejectment. Ilia right to the mesne profils would follow', and any questions between him, as trustee, and Elliott, would be a subsequent matter between themselves.
The only error assigned by the plaintiff is, that the Court charged that this was an equitable action, and the defendant had a nght to set off against the rents and profits the value of any permanent, valuable, and necessary improvements made by him on the land.
It is argued that the Code, sec. 3259, makes the claim for improvements exclusively cognizable in equity. Rut sec. 3261 provides that it may be “set off against the rents and. profila.” This, however, onlj’- applies to defendants who have been holding possession in “good faith and under color of title.” The Court was not asked to add this qualification, and it is therefore too late now to make the question. The two sections can only be reconciled by holding that the defendant might assert his right to compensation for improvements by bill in equity, or by way of set off at law at his election.
We think neither party is entitled to a new trial, and affirm the judgment. It would seem to us from the proof that the damages are very low, but that was for the jury.