*Seventh Judicial District.*

## In the Court of Common Pleas of Bucks County.

### GILBERT *v.* BLACK.

It is an established principle of law that the construction and validity of contracts, which are purely personal, depend upon the laws of the place where the contract is made, unless it was made in reference to the laws of some other place or country where such contract, in the contemplation of the parties thereto, was to be carried into effect or performed.

The distinction between the operation of the *lex loci* contrasted and the *lex fori* seems to be this, that the former governs all questions of validity, construction or interpretation, and rights under the contract, while the latter merely governs the remedy, or the form of remedy, employed.

A *lis pendens* in another state is not a defence to a suit between the same parties for the same cause of action, at the same time, in Pennsylvania.—Thomas *v.* Thomas, 1 Bk. of Op'ns; affirmed.

Motion for a new trial.

Opinion by

Ross, P. J.   The defendant was indebted to the plaintiff for work and labor done in boating coal; the hiring was effected in Bucks county, Pennsylvania, and the labor was performed within the limits of the commonwealth.   By that labor the plaintiff earned from the defendant, as wages, the sum assessed by the verdict, and these wages were within the protecting purview of the act of April 15, 1845, Ph. L. 460, § 5, which provides "That the wages of any laborer, or the salary of any person, in public or private employment, shall not be liable to attachment in the hands of the employee;" *vide* Heebner *v.* Chave *et al.*; 5 Barr, 118; and see also its explanation and qualification in Pennsylvania Coal Company *v.* Costello, Q. C. 241; Scott *v.* Watson *et al.*, 12 W. 342; Callen *v.* Ensign, 5 C. 264; Smith, garnishee of Hipp *v.* Brooke, 13 Wr. 147; Firmstone *et al. v.* Mack, 13 Wr. 387.

After the wages had been earned, but before they had been paid, viz.: September 1, 1870, Mr. Black, the defendant, crossed the river Delaware into New Jersey, and went to Lambertville for a few hours, where, in pursuance of a statute regulating attachments in that commonwealth, he was served as garnishee of the plaintiff in an attachment issued by the plaintiff's brother-in-law, William R. Evans, and these unpaid wages due the plaintiff were attached in his hands.   Final judgment was entered against the garnishee December 13, 1870.   This attachment having been served upon him, Mr. Black declined to pay the plaintiff, and pending the attachment in New Jersey this suit was instituted before a justice of the peace to recover the wages due.   This suit was pushed to judgment on the justice's docket prior to the rendition of judgment upon the attachment in New Jersey.   On the trial of the appeal before us, after all these facts had been shown, we directed the jury, if they be-

lieved the evidence, to render a verdict for the plaintiff, which was done. We then entertained this motion for a new trial in order that all the questions raised might be fully considered.

We have listened to the elaborate argument of the counsel for the defendant; but it has failed to convince us that we committed any error.

The questions presented by the record involve legal inquiries of more magnitude than the sum in litigation; and it would be difficult to conceive a more complicated legal investigation arising upon so slight a cause.

1. Were the wages of the plaintiff, the contract of hiring having been made in Pennsylvania, where wages are not liable to be attached, the subject of attachment in New Jersey?

There is no rule of law better established among the *vexata questiones* arising out of the conflict of laws, than that the law of the place where the contract was made, and where it was intended to be performed, must furnish the rule for its construction; Scott *v.* Duffy, 2 Harr. 66; Watson *v.* Brewster, 1 Barr 381; Archer *v.* Dunn, 2 W. & S. 364; Mullin *v.* Morris, 2 Barr 87; Allhouse *v.* Ramsey, 1 Wh. 331. Now, by the contract made in Pennsylvania, governed by the laws of the commonwealth, the wages of the plaintiff could not be attached by any creditor residing in the commonwealth, or seeking to recover a claim within its borders. Of this Mr. Evans, the attaching creditor, a resident and citizen of Pennsylvania, had knowledge. By the laws of New Jersey wages are attachable, as appeared from the statute offered in evidence. Here there is a case of conflict of laws arising out of the diverse legislation of two state sovereignties. Which shall prevail?

It will be remembered that the contract was made in this commonwealth; that it was performed here; that the plaintiff and defendant were domiciled here, and so, also, was the attaching creditor. The place of the contract was, therefore, very clearly the commonwealth of Pennsylvania, and the legal maxim as to rights acquired under it will govern its construction. *"Locus ubi contractus celebratus est; locus ubi destinato solutio est;"* Story's Conf. of Laws, § 298, 2 Kent's Com. 457; Conf. of Laws 272. The principle is fully stated by Charles Kent, who says (*Comm. Supra*): "It is an established principle that the construction and validity of contracts, which are purely personal, depend upon the laws of the place where the contract is made, unless it was made in reference to the law of some other place, or country, where such contract, in the contemplation of parties thereto, was to be carried into effect or performed."

This being the general principle, its application protects the plaintiff from attachment in other states, in pursuance of the laws of those states, which cannot affect contract rights upon and over which, as they were acquired in another jurisdiction, the law of *forum* will not operate. The

distinction between the *lex loci contractu* and the *lex fore* seems to be this, that the former governs all questions of validity, construction or interpretation and right under the contract; while the latter merely governs the remedy, or the form of remedy, employed; 2 Parsons on con., 5 Ed. pages 582 to 592. We therefore hold that the wages earned by the plain-tiff in Pennsylvania under his contract, there made and performed, being exempt from attachment by the laws of the commonwealth, were not the subject of attachment in New Jersey at the suit of a citizen of Pennsylvania; and we further rule that wages earned under a hiring in Pennsylvania, by labor there, are not the subject of attachment in New Jersey, and proof that they have thus been attached in New Jersey will not prevent a recovery against the employer in Pennsylvania.

But if there be error in this conclusion the plaintiff is entitled to re-cover upon another ground—admitting that his wages could be attached in New Jersey—the defendant, as a defence to a recovery in this action, must show something more than a *lis pendens* in New Jersey. A *lis pendens* in another state is not a defence to a suit between the same par-ties, for the same cause of action, at the same time in Pennsylvania. This question was carefully considered in the C. P. of Montgomery county, in Thomas *v.* Thomas, 1 Bk. of Op. 133, and it was there said, " That at an earlier day in the history of our adjudications this question was involved in difficulty and doubt. The old and healthy common law maxim, ' *Nems debit lex vexcare pro una et eadem causa,*' seemed *prima facie* to apply ; and that it would be applied was indicated in Pitt's appeal, 5 Barr 500 ; Harker *v.* Whittaker, 5 W. 476 ; Share *v.* Anderson, 7 S. & R. 63 ; and in Lyman *et al. v.* Brown, 3 W. & S. 399, while the converse of this proposition seemed to be implied in Lowry *v.* Hall, 2 W. & S. 133 ; Irvin *v.* Lumberman's Bk. 2 W. & S. 208 ; Cornelius *v.* Van Arsdalen, 3 Barr 434. The point remained unsettled—oscillating, as it were—be-tween these conflicting *dicta* of the various judges, who delivered the opinion of the supreme court in these cases, until the case of Hogg *v.* Charlton, 1 C. 200, where the defendant filed a supplementary affidavit of defence, averring that there was another suit pending in the state of New York, for the same cause of action, prior to the commencement of the suit in Pennsylvania. The court below held that this constituted no defence, which was affirmed by the supreme court, per Lewis, C. J. The arguments of counsel, as reported in this case, were not exhaustive, and the chief justice declared the rule *excathedra*, assigning no reason, and citing no authority.

Thus the law remained until 1863, when the case of Smith *et al. v.* Lathrop *et al.*, 8 Wr. 326, finally determined the question both by reason and upon authority. The plaintiffs in that case claimed to recover the amount of a book account, and the defendants filed an affidavit of de-fence, averring that before and at the time the suit was brought by the

plaintiffs they had brought an action against the defendants for the recovery of the same account in the state of New York, which action was still pending and undetermined. This ground of defence was adjudged insufficient, and judgment was entered for the plaintiffs. A writ of error was impetrated, and the naked question as to the effect of a *lis pendens* in another state came directly before the court, and it was held—

1. That the plea of *lis pendens* in another state of the Union where final judgment has not been reached is like pleading a foreign judgment, which would not be a good plea in abatement or in bar.

2. That the clause in the constitution of the United States giving full faith and credit in one state to judgments rendered in another does not apply to proceedings prior to judgment in the several states, which, being acts under different sovereignties, must be considered as so far foreign to each other that a remedy sought by judicial proceeding under the one cannot be treated as a mere and simple repetition of the remedy sought under another. To sustain these conclusions, in addition to the authorities cited by Judge Reed, in Smith *et al. v.* Lathorp *et al., supra,* there are many others, among which may be cited Wilson *v.* Bank, 9 Wr. 488; Whittaker *v.* Branson, 2 Paine's report 209; Renner *v.* Marshall, 1 Wheat. 215; Wadleigh *v.* Veazie, 3 Sumn. 165.

But the entire defence of the defendant here was the pendency of the attachment in New Jersey, which the authorities cited demonstrate is not good, either in abatement or in bar, to the cause of action. This view of the case renders it inevitable that this rule should be discharged, and that judgment should be entered upon the verdict.

*George Ross, Esq.,* for plaintiff; *A. P. Schurz, Esq.,* for defendant.