Rose *against* Oliver and Stevens, who are impleaded with Russell.

ALBANY,
August, 1807.

Rose
v.
Oliver and
others.

A *CAPIAS* was issued against the three defendants in this cause, in an action of *trespass*; on which *Oliver* and *Stevens* were taken, and the other defendant, *Russell*, returned not found. [\*]The plaintiff, in his declaration, stated the return, and declared that *Oliver* and *Stevens*, together with *Russell*, committed the trespass, &c. The two defendants, *Oliver* and *Stevens*, pleaded not guilty, and the jury found a verdict of guilty on that issue.

A motion was now made in arrest of judgment, on the ground that the plaintiff could not proceed in the cause, nor any judgment be rendered, until all the defendants were brought into court.

*H. Bleecker* and *Sudam*, in support of the motion. It is a rule of practice, long established, that where a plaintiff brings his action against several defendants, he cannot proceed against them, until all are brought into court. This rule applies as well to actions for *torts* as on contracts. It is reasonable that one defendant should have the aid of his co-defendants, and that they should contribute their share of the damages assessed. The defendant *Russell*, having been made a party out of court, the plaintiff cannot proceed until he regularly appears, or is brought into court. The plaintiff having declared against all the defendants, for a joint trespass, and the issue being upon a joint trespass, the jury cannot sever the damages.\* But it may be said, that the difficulty can be removed by entering a *nolle prosequi*, as to all the defendants, not taken, or brought into court. But if the defendant has never been in court, there is no suit against him to be relinquished. The plaintiff cannot say that he will no longer prosecute his suit against *A.* and that he shall have his costs for defending it, when *A.* never has appeared or defended any suit.† In all the cases in which

[\* 366]
In trespass against three defendants, two were taken, and the other returned not found. The plaintiff declared against the two defendants in court, simul cum, the other; the two defendants pleaded the general issue, not guilty, and the jury found a general verdict of guilty. The defendants moved, in arrest of judgment, on the ground that the plaintiffs could not proceed until all the defendants were brought into court. But it was held, that torts being joint or several, the plaintiff might, at his election, proceed against one or more of the defendants, and that the declaration, though

* 11 *Co. 5, Sir Jno. Heydon's case, Buller's N. P. 94.* † 1 *Saunders* 207, *Sergeant Williams' note,* (2.)

ALBANY,
August, 1807.

Rose
v.
Oliver and
others.

informal, was
cured by the
verdict.
‡ *Hob,* 199. 1
*Leonard,* 41,
1 *Saunders,*
291. *(d) note.*

[* 367]

* *Viner,* 75,
sec. 17 *Br.*
*Ab.* 217. *Res-*
*ponder,* 63.
† 1 *Siderfin,*
173,

‡*Buller,*N.P.
94.

§1 *Wilson,*99.
306. 2*Sellon's*
*Practice.*460,
461. *Salk.*
455, 456.

a *nolle prosequi* has been allowed to be entered, the defendants were before the court. Again, a declaration against one, *simul cum,* in trespass is bad, and the action will abate; and it need not be pleaded in abatement, for from the plaintiff's own showing, he has no right to proceed.‡

*Gold,* contra. By examining the old cases from which the rule seems to be derived, that where the plaintiff sues one defendant, *simul cum,* &c. in the trespass, the suit abates, it will be found [*]applicable only before the trial of a cause, and not after verdict. In the case of *Henly* v. *Broad,* cited from 1 *Leonard,* 41. it was expressly decided, that the defendant cannot avail himself of this objection after verdict. There is a distinction between *torts* and contracts, in this respect. In *Viner,* the doctrine is laid down, that "where the action is founded on the *tort* of the defendants, as in conspiracy against two, and one appears and the other not, he shall answer alone, and shall not stay the coming of his companion; *for the tort of one is not the tort of the other.** The case in *Siderfin,*† cited in various books, in support of the rule contended for on the other side, will be found to have arisen on a contract. All the authorities, if carefully examined, will show, that where there are several defendants, it is not necessary that all of them should be brought into court before the plaintiff can proceed against either; and the idea of contribution suggested, as a reason for a contrary doctrine, is wholly discountenanced by the law. If the defendants sever in pleading, the jury may find separate damages.‡ It is a general rule, that in *torts* the plaintiff may enter a *nolle prosequi,* at any time before final judgment.§ Then what is to prevent the plaintiff from entering a *nolle prosequi* as to *Russell,* after verdict and before final judgment? Again, the defendant who has not been brought into court, can never be affected by the

proceedings against the other defendants, who were ar-
rested.

SPENCER, J. delivered the opinion of the court.

A motion has been made in arrest of judgment, be-
cause it appears, by the declaration, that *Russell* has been
returned not found on the *capias*, and is complained of,
together with the two other defeddants, as having com-
mitted the trespass; the plea is put in by the defendants,
returned taken, and the verdict finds them guilty of the
trespass alleged; but it is contended that the plaintiff
cannot have judgment against them, as it appears by his
own showing, that *Russell*, whom he has made a defend-
ant, has not been brought into court, nor answered. I
have said that [*] the verdict was only against the two;
the *postea* has not been produced, but a general verdict for
the plaintiff, on the issue joined by the two defendants,
would authorize an entry that those two only were guilty.

[* 368]

The method of declaring in this case was, probably,
adopted under the notion that the statute, authorizing
proceedings against such joint debtors as were returned
taken, extended to this case; an idea certainly very in-
accurate; but the effect of this mode of declaring we
conceive to be the same as complaining that *A.* and *B.*
did a trespass *simul cum quodam,* *C. D.* because, in nei-
ther case is the person not taken a party to the suit.
If, then, the two modes of declaring are substantially
alike, *Henly* v *Broad* (1 *Lev.* 41.) is decisive, that after a
verdict the defect is cured. In that case *Henly* brought
trespass against *Broad,* in *B. R.* and declared that he,
*simul cum quodam, J. S. clausum suum fregit.* The de-
fendant pleaded to issue, and it was found for the plain-
tiff. It was objected, in arrest of judgment, that the
count was not good, because it appeared, from the plain-
tiff's own showing, that the action ought to have been
brought against another not made a party-defendant,
but judgment was given for the plaintiff, and upon a writ

ALBANY,
August, 1807

Benson and
others
v.
Matsdorf.

\* 1 *Saund.*
291. (*d*) *note.*

[\* 369]

of error to the Exchequer chamber, it was affirmed, on the principle that it was cured after verdict, by the statute of jeofails. The ground of this decision must have been, that a trespass is in its nature the separate act of each individual, and that, therefore, the plaintiff has his election to sue all, or any number of the parties. Sergeant *Williams,*\* in his notes, after noticing the case of *Henly* v. *Broad,* and several other cases, which recognise the principle, that if the plaintiff show that the *tort* was done jointly by the defendant and *A. B.* the suit shall abate, says, that there is no good ground for the distinction, and that it is contrary to the cases in 1 *Salk.* 32. and 6 *Term,* 766. and that it was always held, that if the declaration only stated that the defendant *simul cum quibusdam ignotis* did the wrong, the action shall not abate. There is no reason why, contrary to the established principle,[\*] that trespasses are joint or several at the election of the injured party, he should be obliged to make all the trespassers parties, even if he know them. It can produce no injury to the defendant, because, on the trial, there would be no evidence of the separate and distinct acts of the trespassers. As to the idea that a contribution could be enforced, and that, therefore, all known to the plaintiff should be made parties, it is enough to say, that this is not a case of contribution; and if all the damages were levied on one of the two defendants found guilty, he would be remediless. The defendants must take nothing by their motion.

Rule refused.(*a*)

(*a*) In the case of *Rogers* against *Lake,* who is impleaded with *Lake,* argued in this term, on a motion in arrest of judgment, by *Crary,* for the plaintiff, and *Ingalls,* for the defendant, the same question arose, and the motion, for the same reasons, was refused.