·WILLIAM N. SOPER *versus* SAMUEL PRATT.

If, in a writ of entry, there was a claim for mesne profits, and the tenant claimed and was allowed for betterments, an action may afterwards be maintained, to recover for rents and profits, from the date of the writ in the former suit to the time the demandant was put in possession of the premises.

ON STATEMENT OF FACTS.

This was an action to recover for mesne profits between May 11th, 1857, and September 10th, 1861.

From the case, it appears that the plaintiff, on the said 11th day of May, 1857, instituted a suit to recover the premises, and claimed damages for rents and profits to the date of his writ. The tenant claimed betterments. The jury found for the demandant in that case, and estimated the increased value of the premises, by reason of improvements made by the tenant, at $970. They further found the value of the land, if no improvements had been made, would have been $1500. In that action, judgment was rendered on the 4th day of September, 1860. The demandants elected to pay the estimated value of the betterments, which amount was paid on the 20th day of August, 1861; and on the same day a writ of possession was issued, by virtue of which the demandants were put into possession of the premises on the 10th day of September following.

*J. H. Hilliard*, for plaintiff.

*Sewall*, for defendant.

The opinion of the Court was drawn up by

KENT, J.—It is a well settled doctrine of the common law that, after a recovery in ejectment, the plaintiff may maintain a new suit of trespass and recover thereby the *mesne profits.* By our Revised Statutes, he can now recover such profits in the original suit for the land, up to the date of his writ, if he makes the claim in his writ. But, for those rents and profits accruing after the date of the writ, he must resort to a new action of trespass. *Larrabee* v. *Lumbert*, 36 Maine, 447.

The plaintiffs institute this suit to recover such mesne profits, from the date of their writ to the time of the final execution of the writ of possession, issued on a judgment obtained by them against the defendant, for the land. They show such judgment and execution, or the parties agree to these facts. Ordinarily these facts would entitle the plaintiffs to judgment in this case. But the defendant says that in the original suit he interposed a claim of betterments, and that his claim was sustained by the verdict; and that, at the request of the plaintiffs, the value of the land, without the improvements was found by the jury;—and that the plaintiffs elected to pay and did pay him the estimated value of his improvements, as provided by statute. He contends that, in such a state of facts, no claim for rents and profits of the land can now be sustained.

The case of *Jones* v. *Carter*, 12 Mass., 314, cited by defendant, is similar to the case at bar, and it was there held that an action for *mesne* profits would not lie, where the demandant had elected to pay the betterments. Although the reasons given in that case are not entirely satisfactory, and, although the Court in New Hampshire, in the case of *Withington* v. *Corey*, (2 N. H., 115,) denies its soundness and maintains a contrary doctrine, we might feel bound to recognize that case as established law, having been decided before the separation of the State from that Commonwealth, if there had been no change in or addition to the statute then in force. That decision was based on the original statute

of 1808. Since that time several new provisions in relation to mesne profits have been introduced into our statutes.

1. They may be declared for in the original action.

2. Defining what are to be allowed as rents and profits. c. 104, § 12.

3. That, "in estimating the rents and profits, the value of the use by the tenant of improvements made by himself, or those under whom he claims, shall not be allowed to the demandant." § 13.

4. That "the tenant shall not be liable for the rents and profits for more than six years, *unless the rents and profits are allowed in set-off to his claim for improvements.*" § 14. This section distinctly recognizes, by clear implication, a right thus to set off. It refers to a claim of *betterments*, for it provides for a set-off of rents and profits against a claim for improvements of *more than six years standing*, and *such* improvements are those recognized as coming within the legal right of betterments. The whole scope of these new provisions seems to include a right in the demandant to have an equitable and just allowance for the use of his property, whilst in the wrongful possession of the tenant. And it is difficult to perceive any good reason why he should not have such a right and remedy. He finds an usurper in possession of the land, having occupied and improved it as his own for years. He brings his action for possession. He is met, not with a denial of his right and title to the premises, but by a claim for the improvements the disseizor has made. This is interposed by no action or wish of the legal owner, but *in invitum*. He is compelled to answer it, and, to save his rights, to ask for an estimation of the value of his land without the improvements. He is then obliged to pay the estimated value of the improvements, or to permit the tenant to keep the lands at their estimated value. Why should he not be allowed to offset a fair rent for his land and what he owned on it, against the claim for improvements? Why, if he pays—as in this case, for all that the other party has done to improve the estate, should

he not have pay for the use of his real estate, by which use the tenant has been enabled to obtain rent for his improvements?

Where all the improvements were made by the tenant, the equitable view is that the owner of the land should have rent for his land, but not for the improvements which are the result of the labor and expenditures of the tenant, or of those under whom he claims. It would be unjust, on one hand, to allow the owner of the land to exact the value of rents which come from such improvements, made without his aid, and equally unjust, on the other hand, to exonerate the man, who has wrongfully dispossessed him, from any liability for the use of the land on which his improvements were made. The rule laid down in § 13, before referred to, seems the equitable and just one.

In all real actions brought to recover land, the demandant may now insert a claim for mesne profits. He is not bound to anticipate a claim of betterments — and he cannot be deprived of his rights by the interposition of such a request or claim. The statute, as before shown, contemplates that there may and should be a fair adjustment of rents and profits and improvements between the parties; that the demandant should have a just allowance for land rent, and the tenant should have a proper estimation of the value of his improvements; and that the land rent should be offset or deducted from the sum found as the value of the improvements. This can be done by the jury, as well on the first trial, as it could be in a separate action, and thus justice can be done to both parties.

The construction which denies to the land owner any right to rent in case of betterments may often operate so as to do extreme injustice. The betterments may not be of the value of twenty dollars, and the party may have been in possession of valuable real estate for ten years, the fair ground rent of which would be a thousand dollars for that time. If a party, by simply asserting and proving some trifling addition or improvement, could thus save to himself

large rents, he would secure an unjust advantage by this rule of law. If the value of the use of the real estate is small, then the allowance for betterments would be reduced very little. Taking all the provisions of our present statutes, we are of opinion that when the demandant inserts in his writ a claim for mesne profits, and the defendant interposes a claim for betterments, and both are to some extent sustained, that the rents and profits of the land and of all the real estate in the premises, which is not included in the improvements made by the tenant or by those under whom he claims, or owned by him, may be offset or deducted from the estimated value of such improvements. A separate action for mesne profits cannot now be sustained for any rents *before* the date of the writ in the *original* action — and they cannot be recovered in *that* action for any time after *such date*, although declared for in that suit. *Larrabee* v. *Lumbert*, 36 Maine, 440.

The decision leaves the rents and profits after the date of the original writ to be recovered in an action of trespass for mesne profits.

It would seem to follow *that,* as the demandant could not recover for rents beyond the date of his original writ, if he has declared for them, no offset could be made of rents and profits, for which he had no legal claim in that action. His only remedy is by a subsequent action for mesne profits, for the rents and for use and occupation after the date of such writ — as it clearly was in a case where no claim for betterments had been made.

The question before us arises in a case where the demandant elected to pay and did pay the estimated value of the improvements, and had judgment and execution by force of which he was put into possession. If he had abandoned to the tenant, who had paid for the land at its appraised value, he might find a difficulty in maintaining such an action as this for mesne profits, after the date of his writ in the first case, because he would be unable to show any judgment in

his favor, which is the foundation of a writ of trespass for mesne profits.

The plaintiff, according to the foregoing views upon the case as stated, can claim only for rents and *profits of the land*, independently of improvements — under the rule as stated in § 13 of c. 104. They claim only since the date of the original writ.

It is well settled that, in an action for *mesne* profits, the record of a recovery in a real action is conclusive evidence of title in the plaintiffs in such suit, which cannot be impeached. *Larrabee* v. *Lumbert*, 36 Maine, before cited; *Dewey* v. *Osborn*, 4 Cowan, 329; *Benson* v. *Matsdorf*, 2 Johns., 369; *Emerson* v. *Thompson*, 2 Pick., 487. According to the agreement of the parties, the *case is to stand for trial*.

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.