ELIJAH HOPKINS, impleaded with COMFORT CARPEN-
TER, Appellant,
*against*
MARGARET M'LAREN, Respondent.

Where the owner of an equity of redemption, filed her bill against an assignee
of the mortgagee, to have it delivered up and cancelled, on the ground that
it was paid, and that she had recovered in an ejectment against the as-
signee upon the point of payment; and the assignee answered the bill,
and proofs were taken, and the cause brought to a hearing; when it was
discovered that the mortgagee had assigned the mortgage conditionally;
and that since the bill filed, the mortgage had been redelivered to him for a
violation of the condition; and he was thereupon brought in and made a
party upon supplemental bill; upon which he answered both the original
and supplemental bill at large, denying payment of the mortgage; to which
the plaintiff put in a general replication, and brought the cause to a hear-
ing without taking any proofs, as between her and the mortgagee; *held*,
that the facts set up in the answer of the mortgagee must be taken, on the
hearing, as true; and that he was not affected by the proofs taken between
the original parties; but should have been allowed to prove the truth of his
answer.

*Held*, also, that the recovery in ejectment was not conclusive against him.

The bill filed against him was a supplemental bill, in nature of an original one
and entitled him to a new defence; otherwise, *it seems*, where a supple-
mental bill is in nature of a bill of revivor, and seeks merely to bring in
parties who claim, under the original parties, the same interest by the same
title. Per Colden, Senator.

The doctrine of *lis pendens* applies only where a third person attempts to in-
trude into a controversy, by acquiring an interest in the matter in litigation
pending the suit. The reason and illustration of this rule. Per Colden,
Senator.

A verdict and judgment in ejectment is never conclusive, even between the
immediate parties, except in an action for mesne profits. Per Colden,
Senator.

A purchaser, *pendente lite*, coming in as a party, after publication passed,
would be bound by the previous proofs. Per Savage, Ch. Justice.

APPEAL from the Court of Chancery. The respondent,
on the 1st day of April, 1818, filed her bill, in that Court,
against Comfort Carpenter; stating that on the 13th Feb-
ruary, 1816, she recovered a judgment against one Enos
Cook, for $122 06, sued out a *fi. fa.* purchased certain pre-
mises mortgaged by Cook, at auction, upon the *fi. fa.* for
$126 38, and took a sheriff's deed dated July 8th, 1816.

NEW YORK,
June and
July, 1825.

Hopkins
v.
M'Laren.

That these premises were mortgaged by Cook to Elijah Hopkins, the appellant, by indenture of mortgage dated January 4th, 1816. That this mortgage had been paid to the appellant. That on the 2d January, 1817, and after it was paid, the mortgage was assigned by the appellant to Comfort Carpenter, who had notice that it was paid. That the respondent prosecuted an action of ejectment for the premises, which was defended by Carpenter, the assignee ; but it appearing in evidence that the mortgage had been paid, the respondent recovered. The bill then sought a discovery by special interrogatory, whether the mortgage had been paid ; prayed a subpœna against Carpenter, alone ; and alleged that he had advertised the premises for sale under the power in the mortgage ; and prayed an injunction against the sale, and for general relief.

On the 18th July, 1817, Carpenter answered, denying that the mortgage had been paid ; but that a balance was still due. That Hopkins, the appellant, on the 8th March, 1817, $533 36 being then due on the mortgage, assigned it to Carpenter, for the consideration of that sum, secured to be paid. He admitted the trial, defence, and recovery in ejectment ; and that he had since advertised the premises for sale.

The cause having been put at issue by a general replication, witnesses were examined on both sides.

Hopkins, the appellant, having been examined as a witness, in behalf of Carpenter, and it appearing that he was interested, his testimony was suppressed by the Chancellor, on the 30th November, 1820.

The cause having afterwards come to a hearing, (March term, 1822,) and an objection being taken by Carpenter, for want of proper parties, the Chancellor directed the cause to stand over, without prejudice, to the end that Hopkins, the respondent, might be made a party defendant. The order of suppression recited that Carpenter was insolvent, and had absconded ; that Hopkins, the appellant, still claimed an interest in the mortgage, and that the suit in Chancery was defended at his expense, and for his benefit.

On the 1st August, 1822, the respondent filed her supplemental bill against Hopkins, the appellant, stating sub-

stantially the same facts as were stated in her original bill: and farther, that the assignment from Hopkins to Carpenter was conditional; that the premises were advertised for sale for his benefit, and that the condition not having been performed, the assignment had become void; and that a part, or the whole of the mortgage was due to Hopkins.

Hopkins, on the 24th September, 1822, answered, that on the 8th March, 1817, he assigned the mortgage to Carpenter, for the consideration of $533 36, he (Carpenter) paying that sum to Hopkins, by certain instalments; and that it was provided in the assignment, that if Carpenter failed to pay the instalments, or any part thereof, at the day, the assignment should be void, and the mortgage should be redelivered to Hopkins. That Carpenter had failed to pay any part of the consideration except $124 20, and that on the 1st March, 1820, the assignment and mortgage were accordingly redelivered by Carpenter to Hopkins. He admitted the trial, verdict and judgment in ejectment; but averred that the defendant's evidence to repel the proof of payment was rejected by the Judge at the Circuit. He denied that the mortgage had been paid; admitted the facts charged in the supplemental bill, and answered the original bill at large.

A general replication to this answer was filed, and without taking any testimony as between the respondent and appellant, the cause was brought to a hearing, March term, 1823, against both defendants; and the Chancellor, on the 5th May, 1823, *decreed* that, by the *verdict* in the ejectment, and the proofs in the cause, payment of the mortgage was sufficiently made out; and that the mortgage, &c. should be delivered up to be cancelled, &c.

The additional facts, necessary to be understood, will be found detailed in the opinions of the Judges.

From this decree Hopkins appealed.

The cause having been decided by the late Chancellor, whose term of office had since expired, no reasons were rendered by him to this Court, in support of the decree.

NEW YORK,
June and
July, 1825

Hopkins
v
M'Laren.

NEW YORK.    *J. Platt*, for the appellant, contended,

June and
July, 1855.    1. That the verdict and judgment in ejectment were not
conclusive, as *res judicata*.

Hopkins
v.    2. That the evidence arising from the pleadings and
M'Laren.    proofs, as between Carpenter and the respondent, did not
prove that the mortgage was paid.

3. That the *lis pendens* between the respondent and
Carpenter, did not invalidate the redelivery of the mort-
gage by Carpenter to Hopkins; because the original as-
signment of the bond and mortgage by Hopkins to Car-
penter was conditional; and the condition being broken by
the default of Carpenter, the whole interest in that security
reverted to Hopkins as original mortgagee.

4. That Hopkins having been made defendant subse-
quent to the proofs taken in the cause between the respon-
dent and Carpenter, those proofs were not evidence against
Hopkins, who is the real party in interest as mortgagee;
and his answer denying all the facts on which the equity
of the respondent's bill depended, remains in full force as
evidence for the appellant. (*Hamersly* v. *Lambert*, 2
John. Ch. Rep. 432.  Wyatt's P. R. 193.  1 Harr. Pr. 503.
2 Madd. Ch. 421, 2 Lond. ed.  Mitf. 59.  *Hewatson* v.
*Tookey*, 2 Dick. 799.  2 Madd. Ch. 1st ed. 141.  Jac. Ch.
Pr. 139.)

*J. Hamilton*, (*J. R. Lawrence*, same side,) contra, said
that Hopkins and Carpenter were, in truth, but one.  Hop-
kins remained in the dark, putting forward Carpenter to
defend the suit; and, on its arriving nearly to a close,
comes forward to overturn the proceedings, and compel
the respondent to travel over the whole ground again.
This is not to be tolerated.  If the forms of the Court
of Chancery required that he should be heard, in an
ordinary case, this is a fraud upon those forms, and Hop-
kins is not entitled to the benefit of them.  But we deny
that he was entitled to an examination of witnesses, upon
any ground.  He was concluded by what had been done
before he was made a party.  Coming in upon a supple-
mental bill, and claiming under the original defendant he
could not gainsay the proofs in the cause, even had he all
along been ignorant of its pendency.  (Coop. Pl. 73 to 33

Cooke's B. L. 559. *Boeve* v. *Skipwith*, 2 Ch. Rep. 75. Vin. Abr. Chancery, R. *a.* pl. 3, S. C. *Lewellen* v. *Mackworth*, 2 Atk. 40. *Thorn* v. *Germand*, 4 John. Ch. Rep. 364–5. *Ensworth* v. *Lambert*, id. 605. *Shephard* v. *Merril*, 3 id. 423. Mitf. 60, 2, 3. *Jones* v. *Jones*, 3 Atk. 111. 2 Suppl. to Vin. Abr. Chancery, (R. *a.*) pl. 3, p. 50.)

At any rate, no proof could be taken, except upon the new matter charged in the supplemental bill; and this was not necessary, because it was admitted by the appellant's answer. (Hind's Ch. 43–4. 1 Har. Ch. 149, 50. *Boyd* v. *Dunlap*, 1 John. Ch. Rep. 483.)

The *lis pendens* operated as notice, and the redelivery of the mortgage from Carpenter to Hopkins, was, therefore, void. (*Walker* v. *Smallwood*, Ambl. 676. *Mead* v. *Ld. Orrery*, 3 Atk. 243, per Ld. Hardwicke. *Le Neve* v. *Le Neve*, id. 648. *Daniels* v. *Davison*, 16 Ves. 249. *Heatly* v. *Finster*, 2 John. Ch. Rep. 158, 161. *Chesterman* v. *Gardner*, 5 id. 29. *Cook* v. *Mancius*, id. 89, 96. *Sorrell* v. *Carpenter*, 2 P. Wms. 482–3. *Bishop of Winchester* v. *Paine*, 11 Ves. 194. *Murray* v. *Ballou*, 1 John. Ch. Rep. 566. *Murray* v. *Lilburn*, 2 id. 441.)

As to the effect of the verdict and judgment, they referred to 1 Phil. Ev. 223 and 226–7; and insisted that Hopkins should be estopped; for he might have come in as landlord, and was privy to the ejectment. (*Maybee* v. *Avery*, 18 John. Rep. 352. *Calhoun's lessee* v. *Dunning*, 4 Dall. 120. *Duncan* v. *Lyon*, 3 John. Ch. Rep. 356.) They insisted that the decision on the ejectment, was at least equivalent to a verdict on a feigned issue, by which the Chancellor may hold the parties concluded. (*Kemp* v. *Mackrell*, 2 Ves. 579. *Waters* v. *Travis*, 9 John. Rep. 468.)

In addition to these arguments and authorities, the respondent's counsel submitted the following printed points to the Court:

1st. That the mortgage was paid or satisfied to Hopkins; that this fact is abundantly established as well from the pleadings and proofs in the cause, as also by the verdict and judgment in the ejectment suit. That Carpenter took an assignment from Hopkins *with notice* that the mortgage

was satisfied ; that the mortgage was afterwards kept on foot by preconcert and combination between Carpenter and Hopkins, in order to defraud the respondent. Carpenter was put by Hopkins, as his assignee, in his place and stead. That Carpenter was ostensibly the absolute owner of the mortgage ; that he, as such, was the only person the respondent would *be required or expected to make a defendant.* That Carpenter thus standing in the shoes of Hopkins, litigating the fact of the payment of the mortgage, when Hopkins was afterwards brought in on supplemental bill, and the cause brought on to a hearing, the acts of Carpenter as his representative, contesting the same matter in dispute, were binding upon Hopkins. There was such a privity of contract and estate or interest in the mortgage between these two men, as to render the verdict in ejectment, under the circumstances of the case, binding and conclusive against Hopkins as well as against Carpenter.

.2d. The re-assignment or redelivery of the mortgage by Carpenter to Hopkins *pending the suit, was void,* and could not operate to the prejudice of the respondent's right to a decree, founded upon the testimony already given in the cause. Such re-assignment or redelivery was not only a fraud upon the respondent, but done in *fraudem legis,* and by a fraudulent conspiracy between Hopkins and Carpenter to deprive the respondent of her remedy, and *elude the justice of the Court* in respect of any decree it should make for the relief of the respondent. Equity can never uphold a re-assignment under such circumstances.

3d. That Carpenter having been put in possession of the mortgage by Hopkins himself, with power to advertise, to foreclose and to collect or receive the money upon it, the circumstance of Hopkins' having been made a defendant with Carpenter, subsequent to the proofs taken in the cause, does not prevent those proofs from having the same operation and effect against Hopkins as against Carpenter, inasmuch as *no change of interest which could affect the questions* litigated between Carpenter and the respondent had occurred to entitle Hopkins to any examination of the same or of different witnesses ; and more especially ought the appellant

to be precluded from setting up such right in this Court, or objecting here that those proofs are not evidence against Hopkins, without showing that he has taken the proper measures in the Court of Chancery to procure such examination of the same or other witnesses, or to avoid the force and effect of their testimony by applying to the Chancellor for an order for that purpose, or otherwise proceeding in that Court to obtain such examination, or to preclude the complainant from the benefit of any examination of witnesses therein, or without showing some order or decision of the Court of Chancery against him upon the point, at war with some settled rule of Equity.

4th. The answer of Hopkins admits the material facts charged in the supplemental bill, and therefore it became unnecessary for the complainant to examine witnesses as to those facts. His answer, as to all the facts recited from the original bill, was irregular, impertinent, and unworthy of regard; and for the respondent to have proceeded upon the supplemental bill and answer, to the examination of witnesses, as to facts put in issue on the original bill and answer, would likewise have been irregular, and such testimony would, on motion, have been suppressed.

SAVAGE, Ch. Justice, (after stating the facts.) Two questions arise upon this case;

1. Whether the proofs taken in the cause could be regularly used as against the appellant, they having been taken before he was a party; and,

2. Whether those proofs, if admissible, prove the fact of payment.

It is contended on the part of the appellant, that those proofs cannot be used, because he had no opportunity to examine witnesses. To this, it is answered, that he having succeeded to the rights and liabilities of Carpenter, he is entitled to no other privileges than Carpenter. In 1 Maddock's Ch. 141, it is said that if a defendant be added after publication passed, the cause, as to such defendant, must be heard on the bill and answer only; and Jacob's Chancery Practice, 139, is cited to support that *dictum;* and it

*Margin notes:*

NEW YORK, June and July, 1825

Hopkins v. M'Laren

Points

Whether the proofs were admissible against the appellant;

was urged at the bar, that at any rate, a defendant brought in on a supplemental bill, is to answer only the matters charged in that bill; and as to these, if they are denied in the answer, proofs may be taken, and the cause brought to a hearing, as on original bills. In *Shepherd* v. *Merril*, (3 John. Ch. Rep. 423,) the Chancellor refused an amendment to the bill after publication passed; but gave leave to add new charges by supplemental bill. And it is hardly supposable that such leave would have been granted, if the plaintiff could not support his charges by proof, should they be denied by the answer. The same practice was afterwards recognized in *Thorn* v. *Germand*, (4 John. Ch. Rep. 363, 364.) In Mitford's Pleadings, 58–9, it is said that, "a supplemental bill must state the original bill, and the proceedings upon it; and if the supplemental bill is occasioned by an event subsequent to the original bill, it must state that event, and the consequent alteration with respect to the parties; and, in general, the supplemental bill must pray that all the defendants may appear and answer to the charges it contains; or if the supplemental bill is not for discovery merely, the cause must be heard upon the supplemental bill, at the same time it is heard upon the original bill, if it has not been heard; and if it has been heard upon the original, it must be further heard upon the supplemental bill." Nothing is here said as to the cause being heard upon the pleadings merely, without proof. In *Boyd* v. *Dunlap*, (1 John. Ch. Rep. 483,) the Chancellor says, "Liberty to re-examine witnesses, rests in discretion, and is to be governed by circumstances."

<span style="float:left">He having answered the original bill, and this not being excepted to.</span>But whatever the rule may be, as to a plaintiff's right to examine witnesses upon the answer to a supplemental bill, in this case none were examined. The respondent filed a general replication, and went to a hearing without examining a single witness. Admitting that the appellant was, in strict practice, bound to answer only the charges in the supplemental bill, and not those in the original; yet he has answered the latter charges. He has denied them; and the question arises, is not that answer to be taken as true, the respondent having neither examined witnesses

to disprove it, nor excepted to the answer as containing irrelevant or improper matter?

Had Hopkins simply answered the charges in the supplemental bill, he would have been bound by the previous proofs taken in the cause, especially, if he is to be considered as a purchaser *pendente lite*. In *Garth* v. *Ward*, (2 Atk. 175,) Lord Hardwicke asks, "So in the case of a mortgagor who comes here for redemption, if, during such suit he should assign the equity of redemption, and, in the final hearing of the cause, there should be a decree against the mortgagor, will not the assignee of the equity of redemption, be bound by this decree?" In 2 Maddock's Ch. 405, this rule is laid down : " Where a supplemental bill is brought after publication, it is irregular to examine witnesses to a matter that was in issue, and not proved in the original cause ; nor can such proofs be read ; and if there be no proof as to the new matter in the supplemental bill, it will be dismissed." This must be understood, probably, of a case where the facts in the original bill are not answered in the supplemental.

From the best examination I have been able to give the subject, admitting, in a case like the present, the answer is to be confined to the supplemental bill, and that the proofs taken on the original bill are to stand ; yet the respondent having gone on to a hearing, leaving the answer to the supplemental bill not disproved, nor stricken out for impertinence, I am satisfied that she has been irregular. The Chancellor, and of course this Court on appeal, is bound to consider the facts in the answer to the supplemental bill admitted by the complainant.

On the second point, I will barely remark, without going into detail, that the evidence is far from being satisfactory on the question of payment. The appellant shows a valid instrument under seal, on which there appears to be due to him $125, and interest ; and a liability to indemnify to at least $400 more ; and the only evidence to counteract this claim, rests on loose circumstances and declarations rather equivocal.

To show payment, by which a party is to lose his lien

NEW YORK,
June and
July, 1825.

Hopkins
v.
M'Laren.

A purchaser *pendente lite* coming in as a party after publication passed, would be bound by the prev'ous proofs.

The answer not being excepted to, tho' it extend to, and answer the original bill, it not being contradicted by proof, must be taken as true at the hearing.

Evidence of payment unsatisfactory.

Hopkins
v.
M'Laren.

The verdict should have little weight.

Savage, Ch. for reversal.

for such a demand, the proof, if not positive, should at least be satisfactory.

Under the circumstances of this case, the verdict in ejectment should have little weight; as the appellant avers, and this is not contradicted by the proofs, that the evidence offered to disprove the payment, was rejected by the Court before which the ejectment was tried.

I am therefore of opinion that the decree of his Honor, the Chancellor, should be reversed.

WOODWORTH and SUTHERLAND, Justices, concurred.

What was decided by the chancellor.

COLDEN, Senator: In this case, the Chancellor has decided that the mortgage given by Enos Cook to the appellant, was satisfied. He draws this conclusion from proofs taken before the appellant was a party in the cause; and from a verdict in an ejectment suit between the respondent and Carpenter.

He has also decided, that the appellant having become repossessed of the mortgage pending the suit below, between the respondent and Carpenter, the suit might proceed as if the mortgage had remained in the hands of Carpenter, and as if the appellant had no interest in the controversy.

Answer denies payment.

The answer of the appellant, to which there was a general replication, denies that the mortgage was satisfied, and avers that he holds the same as security for a considerable amount yet due upon it. If the appellant ought not to be concluded by the testimony taken before he became a party, and if, after he was made a defendant, he had a right to produce witnesses to support his answer, then it is unnecessary to examine how far the testimony, as between the respondent and Carpenter, is sufficient to establish the payment of the mortgage.

The only questions, therefore, which I think it necessary to decide, are,

Points.

1. Whether the appellant should not, after he was made a defendant, have had an opportunity of examining witnesses, as if he had been an original party to the suit.

2. Whether his re-possession of the mortgage, pending the suit below, was such an acquisition of it as subjected his title to the mortgage to the rules which govern, where property in controversy is taken while the right to it is in litigation.

NEW YORK,
June and
July, 1825.

Hopkins
v.
M'Laren.

3. And lastly, whether the appellant was concluded, by the verdict and judgment in the ejectment suit.

It is important to notice that the appellant is not a volunteer in the cause. He was examined as a witness, by the defendant, Carpenter, and testified that the mortgage was an outstanding unsatisfied security in his hands. His testimony was suppressed, by an order of the Chancellor, on a petition of the respondent, stating that the appellant appeared to be deeply interested in the event of the cause ; and that he claimed to be the owner of the mortgage by reason of failure in performing the conditions of the assignment of the mortgage by the appellant to the defendant, Carpenter ; and that the appellant, either jointly with the defendant, Carpenter, or solely, was interested in the subject matter of the suit.

*Appellant not a volunteer.*

After this, when all the testimony, on which the cause was finally decided, was before the Court, and when the cause was on hearing, upon the suggestion of the defendant Carpenter, the Chancellor ordered that the cause should stand over, without prejudice, to the end that the respondent might bring in Hopkins as a party defendant.

*Order that cause stand over*

If Hopkins' denial of payment, when he was brought in, gave him no right to controvert the fact and to prove his allegations, there does not seem to be any satisfactory reason why he should have been made a party. His denial could not help the respondent ; and the cause seems to have stood before the Chancellor on precisely the same ground, when he directed Hopkins to be made a party, that it did subsequently. But when it appeared to the Chancellor, by the showing of the respondent, that Hopkins claimed to be owner of the mortgage, and that he was jointly or solely interested in the suit, I think the Chancellor could not have done otherwise than compel the respondent to make him a party. When he answered, it appeared that the allegations of the respondent, as to his claim of interest, were true. It

*Appellant was entitled to adduce testimony.*

NEW YORK,
June and
July, 1825.
———
Hopkins
v.
M'Laren.

would seem that a party, so circumstanced, should be entitled to produce his testimony; and should not be concluded by examinations which had been taken in a proceeding of which he was not, by legal intendment, connusant.

But it is said the decree against the appellant, without giving him an opportunity to examine witnesses or to question those which had been examined, was correct, because the rights of the respondent, as against the mortgage in the hands of the defendant Carpenter, were not affected by a re-assignment or redelivery of the mortgage by the defendant, Carpenter, to Hopkins, pending the suit.

*Otherwise had the assignment been unconditional.*
Certainly, if there had been an unconditional assignment of the mortgage to Carpenter, and Hopkins had taken a voluntary assignment of it, while it was in litigation in the Court below, he must have been content to have been represented by Carpenter; and must have abided by the proceeding, and any decree that might have been made against him. But this was not the case. The mortgage was assigned to Carpenter, long before the commencement of the suit, upon the express condition, that in case of failure in any of the payments, which Carpenter had agreed upon as the consideration for the assignment, then the assignment was to be absolutely null and void, and the mortgage was to be redelivered to the assignor. The appellant, then, never ceased to have an interest in the mortgage. If Carpenter did not pay, as the appellant avers in his answer, and as he possibly might have proved if he had been allowed the opportunity to examine witnesses, the appellant would have been entitled to a re-assignment and redelivery of the mortgage. Can it be, because a suit to which the appellant was a stranger was depending between the respondent and Carpenter, that the appellant was not at liberty to avail himself of the terms and conditions of his assignment?

*Appellant always had an interest in mortgage.*

*The doctrine of lis pendens applies only where a third person attempts to intrude into a controversy by acquiring an interest during its pendency.*
The doctrine of *lis pendens* applies only where a third person attempts to intrude into a controversy, by acquiring an interest in the matter in litigation pending the suit.

The rule as given by Chancellor Kent, in the case of *Murray* v. *Lilburn*, (2 John. Ch. Rep. 445,) is, that "any inter-

est acquired in the subject matter of a suit, pending the suit, is so far considered as a nullity, that it cannot avail against the plaintiff's title."

NEW YORK June and July, 1825.

Hopkins v. M'Laren.

The reason of the rule is, that if a transfer of interest, pending a suit, were to be allowed to affect the proceedings, there would be no end to litigation; for as soon as a new party was brought in, he might transfer to another, and render it necessary to bring that other before the Court, so that a suit might be interminable. But this reason has no application to a third person, whose interest subsisted before the suit was commenced, and who might have been made an original party.

The reason of the rule.

So that neither the rule, nor the reason of the rule applies to the case under consideration. The interest of the appellant, in the mortgage, was not a voluntary acquisition by him pending the suit. His interest subsisted long before the suit was commenced, and ought not, in my opinion, to have been considered as a nullity.

Neither the rule nor reason of it apply here.

In the cases of *Walker* v. *Smalwood*, (Ambl. 676,) and *Sorrel* v. *Carpenter*, (2 P. Wms. 483,) cited by the respondent's counsel, the conveyances were made after the commencement of the suit. In *Heatley* v. *Finster*, (2 John. Ch. Rep. 158,) *Murray* v. *The same*, (id. 155,) and *Murray* v. *Lilburn*, (id. 444,) the defendants claimed under a trustee, in virtue of certain transactions between them and the trustee, after bills were filed charging the trustee with fraud in relation to these transactions; the defendants having notice that a charge of fraud was the ground of the suits. The Court decided that these transactions, *pendente lite*, were invalid.

The bill in this case, as against the appellant, is an original bill in the nature of a supplemental bill. To such a bill it is said in Mitford's Pleadings, 68, (2 Engl. ed.) a new defence may be made. The pleadings and depositions can not be used in the same manner as if filed or taken in the same cause.

The bill against the appellant was an original bill in nature of a supplemental bill, entitling the party added to a new defence.

,Where a supplemental bill is in the nature of a bill of *revivor*, and seeks merely to bring in parties who claim under the original party to the suit, and claim the same interest by the same title, that the original party did, then

Otherwise, *semb.* where the supplemental bill is in nature of a bill of revivor.

NEW YORK, there may be equity in binding and concluding the new
June and
July, 1825. party by testimony taken previously to his having been
made a defendant.

Hopkins
v.
M'Laren.

Here is no
privity be-
tween original
and new par-
ty.

But where, as in the case under consideration, there is no privity or connection between the new party and the original defendant, where he may not know, and has no interest to support the title of the new party, it seems to me that it would be a very unjust rule which would oblige the new party to abide by the testimony taken while he was a stranger to the suit, and would prevent his producing witnesses to support the title he sets up.

I forbear to examine this point farther ; because, putting the redelivery of the mortgage to the appellant out of question, and supposing that the mortgage had always remained in possession of Carpenter, I think it appeared in the Court of Chancery, as well by the showing of the respondent as by the answer of the appellant, that he was so far interested

Appellant had
same right to
prove his case,
as if he had
been an origi-
nal defendant.

that he ought to have been made an original party ; and that when he was subsequently brought in, he had the same right to produce witnesses, and to prove his case, that he would have had, if he had been made a defendant at the commencement of the suit.

Of the ver-
dict, &c. in
ejectment.

The third reason assigned for concluding the appellant by the testimony taken before he was a party, is that the fact that the mortgage was paid and satisfied in February, 1816, by Enos Cook, was put in issue and established by the verdict of a jury upon a trial in an ejectment, founded upon the mortgage.

We understand from the respondent's bill, that she having recovered a judgment against Cook, sold the mortgaged premises, under an execution issued on that judgment, and became the purchaser, at the sheriff's sale, for $126 38. That she thereupon brought her ejectment, to which a defence was made by Carpenter as the assignee of the mortgage. That it appeared to the Court, that the mortgage was satisfied, and the respondent recovered judgment.

Appellant
had no notice
of the eject-
ment suit.

I do not find that the appellant had any notice of this suit. But if the appellant ought not to be concluded by the proceedings, in the Court of Chancery, to which he was not a party, as I think he should not be, he ought not to be bound by the event of the suit at common law.

I do not understand that a verdict in ejectment is conclusive as to any point, even between the same parties, unless it be in the action for mesne profits. And so far as I have been able to examine the cases, cited by the respondent's counsel from Phillips and other authors, they are to this effect.

NEW YORK.
June and
July, 1825.

Hopkins
v.
M'Laren.

Suppose, after the verdict in the ejectment suit, Hopkins, or even Carpenter himself, had discovered testimony that would, beyond all doubt, have shown that the mortgage was unsatisfied : might not either of them have brought a new ejectment, or have resorted to a Court of Equity ? I can not think they would have been precluded from doing so because the fact of payment was put in issue in the suit between the respondent and Carpenter ; the more particularly, when the common law Court excluded evidence of a settlement between the mortgagor and mortgagee which showed how much was due on the mortgage. This evidence could only have been excluded on the ground that, as Hopkins was not a party to the record, the memorandum between him and Cook, of the 2d January, 1817, was *res inter alios acta.*

A verdict and judgment in ejectment is never conclusive, even between the immediate parties, except in an action for mesne profits.

Now it would be very unjust, as it appears to me, that this testimony should be excluded in the Court of common law, on the ground of the appellant's not being a party to the record, and yet that he should be concluded, in the Court of Chancery, by the event of that suit, on the ground that though he was not in the record he was a party in interest.

My opinion is, that the decree be reversed, and that the record be remitted to the Court of Chancery under such an order as shall admit the appellant to prove his answer, as if he had been an original party to the suit.

Colden, Senator for reversal.

I have come to this conclusion, without any other want of confidence in its correctness, than its being in opposition to the high authority to which it is opposed. But we are placed in a situation where we must take care that our habitual respect for that authority has not an undue influence ; and where we are bound to decide according to our own understanding sand intelligence, however we may estimate the talents, learning and experience by which the judgments brought to our review are declared.

The Court (except MORGAN, Senator) being for a reveɪ. sal, it was thereupon ORDERED, ADJUDGED and DECREED, that the decree of his Honor the Chancellor be reversed ; and the record remitted, &c.