Hunt, J.
(after disposing of an unimportant question of variance).—The admission of the record in Rathbone against these defendants and others, as evidence in the present suit, is made the most serious cause of objection by the defendants. Mrs. Rathbone brought her action against the defendants and one Davis, alleging that the title which Davis obtained under a certain foreclosure, and which title was the foundation of the mortgage in the present suit alleged to be fraudulent and worthless, was void, on account of various frauds and defects therein alleged. She obtained judgment according to her prayer, and among other things it was adjudged that the “said foreclosure sale is utterly void.” While that suit was pending, the plaintiff purchased of the defendants in that suit, the mortgage upon which the present questions arise. It is not denied that the judgment was conclusive as between Mrs. Rathbone and the defendants, not only in that suit, but wherever the question might fairly arise between them. The obj ection is that that j udgment did not assume, and did not, in fact, make any adjudication as between the defendants themselves, but only as between them and the plaintiff therein; and further, that the present plain *237 tiff is not a party to that suit, and it is not competent for him to have the benefit of that adjudication.
The general rule is, that all are bound by a judgment who had a right to be heard therein and all who are in privity with them; and that all who are bound by a judgment are entitled to the benefit of it against parties to it or their privies (1 Greenl. Ev., §§ 522, 523). Castle v. Noyes (14 N. Y. [4 Kern.], 329), involved the same general principles as the present case. Castle claimed the property in suit under a mortgage from the former owner, and the defendant claimed under an execution against the same owner. A suit had before been brought by the defendant against one Ronk, a servant of the plaintiff’s testator, for taking away a portion of the same property, alleging fraud in the mortgage. This action was, in fact, defended by Castle’s testator, who assumed the defense of his servant. It was held that the judgment in favor of the servant in the former suit was conclusive in the present suit, in favor of Castle. The court say: “It is by no means true that, in order to constitute an estoppel by judgment, the parties on record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment. In this sense the plaintiff’s testator was clearly a party to the former suit, and as he would be bound by the result, so he or his representatives may insist that the determination is conclusive upon his adversary.” And if one covenants for the result or consequences of a suit between others, as that a certain mortgage assigned by him shall produce a specific sum, he thereby connects himself in privity with the proceedings, and the record of the judgment in that suit will be conclusive against him” (Rappelye v. Prince, 4 Hill, 119).
Grreenleaf thus explains it: ‘ ‘ Under the term parties, in this connection, the law includes all who are directly interested in the.subject-matter, and had a right to make defense or to control the proceedings, and to appeal from the judgment” (1 Greenl. Ev., § 523). The general doctrine is, that the person who represents another, and *238 the person who is represented, have a legal identity; so that whatever "binds one in relation to the subject of their common interest, binds the other also (Id., § 536). A record is also evidence against one who might have been a party to it, for he cannot complain of the want of those advantages' which he has voluntarily renounced (2 Stark. Ev., 195 ; Cow. & H. Notes to Phill. Ev., 569). It is provided by statute that, in an action affecting the title to real property, the plaintiff may file with the county clerk a notice such as was filed in the present case, and that every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he was made a party to the action (Code, § 132; 4 Cow., 667; 11 Wend., 442). I doubt not that such subsequent purchaser would be entitled to make himself a formal party defendant, if his interests required it, and to conduct a defense in his own name, although a purchaser of a mortgage interest only The plaintiff was thus a party in interest in that suit—a substantial privy of this vendor, and his rights as assignee of the mortgage are as effectually cut off' by Mrs. Rathbone’s judgment and decree as if he had been named as party defendant in her suit:
I do not find in the cases any such qualification of the rule that defendants are bound by a judgment to which they are parties,- as that this effect is not produced as between themselves. The rule is general and reciprocal. Its object is to produce that “finis liMum’’’ which the law so greatly desires, and with so much difficulty finds. The plaintiffs and the defendants, and each plaintiff and each defendant, and as between each plaintiff and each defendant, find here an estoppel upon every question involved in the judgment. There is no such limitation as the defendants contend for, and a defendant can claim the advantage of the termination of the controversy against his co-defendants, in the same manner as against a plaintiff.
There is another objection arising upon the charge of the judge, which it is necessary to consider. The judge *239 charged the jury that if the representations made to the plaintiff were untrue, although the defendant Ward did not know that they were so, yet if he was infomied and knew of facts which in the exercise of common sense and ordinary prudence were sufficient to put him on inquiry, and would have led him to a knowledge of the condition of the title, he would be liable the same as if he had actual knowledge. The representation which gives the cause of action was, “ that the mortgage was bona fide, was all secured, and as straight as a string ; that Davis had a' clear title to the land; and that this was the first incumbrance while it was proved that the mortgage was worthless, and that Davis had no title. This representation was made by the defendant Clarke, not by Ward in person. The proof was clear that Clarke was informed of everything respecting the condition of the mortgage, and understood all the facts in regard to it. The negotiation for the sale of the mortgage by Ward to the plaintiff was made by Clarke, as the agent of Ward, and the knowledge of the agent was the knowledge of the principal. Upon the case as it was presented by the proof, the charge was right, and I am inclined to the opinion that it is right in the abstract. Bennet v. Judson (21 N. Y., 238), is cited to sustain the charge, but goes much farther. In that case the proposition is laid down broadly that “ one who, without knowledge of its truth or falsity, makes a material misrepresentation, is guilty of fraud as much as if he knew it to be untrue. ’ ’ This destroys the distinction between fraud and negligence, which I suppose to be well established, and I am not prepared to reiterate it in a pase which does not require it. I concur fully in the proposition laid down at the trial of that case, that having received the fruits of the bar- ■ gain, the defendant was liable for the fraud of his agent, although he did not authorize the statement, or know that it was made, or whether it was true or false. That rule was all that the facts required, and all, therefore, that was really decided.
The judgment should be affirmed.
All the judges concurred.
Judgment affirmed.