Craig *v.* Ward.

---

## CRAIG *v.* WARD.

June, 1867.

Affirming 36 *Barb.* 377.

In an action for deceit in the sale of a mortgage, under an allegation in the complaint that the mortgage was represented to be a good and valid security, proof of a representation that the mortgage was *bona fide* and well secured, and that the mortgagor had clear title, is admissible, in the absence of anything to show that defendant was misled to his prejudice by variance.

The rule that the parties to an action, and all who are in privity with them, are bound by the judgment, applies as between co-defendants, or between defendants and those purchasing *pendente lite*, as well as between adverse parties.[*]

R. brought a suit against the present defendants and D., to set aside a sale in foreclosure, for fraud affecting the title under which the mortgage was given. While the action was pending, the present plaintiff bought the mortgage. R. afterwards recovered judgment that the sale was void for fraud in the mortgage. *Held*, that the report of a referee, and the judgment, in that action, were admissible on behalf of the plaintiff in the present action, which was to recover damages for fraud in inducing the plaintiff to buy the mortgage; and that they were conclusive on the defendant, as to the facts adjudged.

Where a person makes a false statement, not knowing that it is false, but knowing facts sufficient to put him upon inquiry, he is liable for the consequences, to the same extent as if he had actual knowledge.[†]

John Craig sued William H. Ward and Charles L. Clarke in the supreme court for damages for deceit in the sale of a mort-

---

[*] Compare Brower *v.* Bowers, p. 214 of this volume.

[†] Compare Chamberlin *v.* Prior, p. 338 of this vol.; Comstock *v.* Ames, p. 411; and Marsh *v.* Falker, 40 *N. Y.* 562; Meyer *v.* Amidon, 45 *Id.* 169.

Craig *v.* Ward.

gage given by one Davis, to the defendant Ward, and sold by Ward by means of representations made by Clarke, to the plaintiff.

The circumstances involved were as follows:

One Eliza M. Rathbone held a mortgage on real property which was subject to a prior mortgage held by other persons. The holders of the prior mortgage, with certain others, combined to effect a fraudulent foreclosure and sale of the property under the prior mortgage, with the design of cutting off the lien of the mortgage held by Mrs. Rathbone by foreclosing without giving her notice. Elisha P. Davis, who was a party to this design, bid off the premises at the fraudulent foreclosure sale, and gave a mortgage on the premises so purchased by him, to William H. Ward, one of the defendants in this action. This mortgage was without consideration, and was executed in furtherance of the fraudulent design of defeating Mr. Rathbone's lien.

Mrs. Rathbone brought an action against the parties interested, including Elisha P. Davis and William H. Ward; in which she established these facts, and recovered judgment setting aside the foreclosure sale to Davis, and adjudging that the lien of the mortgage given by Davis to Ward be postponed to the Rathbone mortgage, and ordering a sale of the premises.

After a *lis pendens* had been filed, and issue had been joined in that action, but before trial, Ward and Clarke negotiated a sale to the present plaintiff Craig, of the fraudulent mortgage made by Davis to Ward. They induced him to purchase it, by representing it to be a valid security. After Mrs. Rathbone succeeded in her action, Craig brought the present action against Ward and Clarke for deceit in the sale of the mortgage.

On the trial of the present action, the main question was, whether the record of the judgment, with the referee's report, in Mrs. Rathbone's action, was admissible in the present action, to show the infirmity of the mortgage which plaintiff had been induced to purchase. The court ruled that the record and report were admissible, and were conclusive, as evidence of the fraud in the foreclosure sale, and the consequent invalidity

---

---

of the mortgage made by Davis, the fraudulent purchaser at that sale.

The material facts in regard to the charge are stated in the opinion below. The jury found a verdict for the plaintiff.

*The supreme court*, on a motion for a new trial, made at gen-eral term, held, that the variance was immaterial. As to the admissibility of the record in the former action, they held that plaintiff, having purchased pending the action, became bound by the judgment in the same manner as if he had been actually a defendant; citing Harrington *v.* Slade, 22 *Barb.* 161; Sedgwick *v.* Cleveland, 7 *Paige*, 287; Cook *v.* Mancius, 5 *Johns. Ch.* 89; *Edw. on Parties*, 79; and that upon established principles, several defendants must be regarded as concluded by the judgment, where a question involved in it arises between them in a subsequent action, in the same manner as if they had been adverse parties in the previous action. The court also sustained the charge. The decision is reported in 36 *Barb.* 377.

From this judgment defendants appealed to this court.

*W. F. Cogswell*, for defendants, appellants;—Against the admissibility and effect of the judgment and report, cited 1 *Greenl. Ev.* §§ 522–3; Tracy *v.* N. Y. Steam Faucet Co., 1 *E. D. Smith*, 349, 355; Leonard *v.* Barker, 5 *Den.* 220; *Phillips Ev.* 389, 321; *Cow. & H. N.* 1070; Lawrence *v.* Hunt, 10 *Wend.* 80; Wood *v.* Jackson, 8 *Id.* 9–36; Coutant *v.* Feaks, 2 *Edw. Ch.* 330; Hotchkiss *v.* Nichols, 3 *Day*, 138; Sparhawk *v.* Twitchell, 1 *Allen*, (*Mass.*) 450.

*T. R. Strong*, for plaintiff, respondent;—Cited 4 *Cow. & H. N.* 824, 825, 815, 918, 919, 973–976, 981, 982; 1 *Stark. Ev.* 195; *Bac. Ab. Ev. F.* 616; *Greenl. Ev.* §§ 522, 523, 536, 189; Kingsland *v.* Spalding, 3 *Barb. Ch.* 341, 344; Embury *v.* Conner, 3 *Coms.* 511; Ehle *v.* Bingham, 7 *Barb.* 494; Castle *v.* Noyes, 14 *N. Y.* (4 *Kern.*) 329; Bishop of Winchester *v.* Paine, 11 *Ves. Jr.* 197; Harrington *v.* Slade, 22 *Barb.* 161, 166; *Edw. on Parties*, 79; *Code*, § 132; Dale *v.* Rosevelt, 1 *Paige*, 35.

BY THE COURT.—HUNT, J.—The first class of exceptions, which embrace the alleged variance between the representations

as pleaded, and as offered in evidence, I do not consider important. The complaint alleged that the defendants represented the mortgage to be "a good and valid security" in the hands of Ward, and that he had paid Davis two thousand dollars for the same. The proof offered and received was to the effect, "that the mortgage was *bona fide*, was well secured, and straight as a string," and that Davis had a clear title to the land.*

The representation that the mortgage was a "good and valid security," was twofold in its character. It embraced a statement that the mortgage was not only valid, which may be taken as synonymous here with legal, but that it was also good, that is, good or available as a security upon which the amount could be realized. The latter branch was fairly met by the statement, that the "mortgage was well secured," as was the former by the statement that "it was *bona fide* and as straight as a string." It was certainly competent evidence, under the allegation, and upon which the jury would have been justified in finding both branches of the allegation to have been proven.

Considering it as a variance, the defendants failed in placing themselves in a position prescribed by the statute, to enable them to object to the same.

No error can be based upon this exception. †

The admission of the record in the suit of Rathbone against these defendants and others, as evidence in the present suit, is made the most serious cause of objection by the defendants. Mrs. Rathbone brought her action against the defendants and one Davis, alleging that the title which Davis obtained under a certain foreclosure, and which title was the foundation of the mortgage in the present suit alleged to be fraudulent and worthless, was void, on account of various frauds and defects therein alleged. She obtained judgment according to her prayer,

---

* The objection made on the trial was on the ground that there was no averment in the complaint as to any representations as to the title of Davis, the mortgagor, to the premises, or as to the priority of its lien, and that there was no averment in the complaint of any such representation as " that the mortgage was well secured and straight as a string."

† See *Code*, §§ 169, 170, 171 ; Catlin *v.* Gunter, 11 *N. Y.* (1 *Kern.*) 368; Bennett *v* Judson. 21 *N. Y.* 238 ; Harmony *v.* Bingham. 1 *Duer*, 209.

and among other things it was adjudged that the "said fore-closure sale is utterly void." While that suit was pending, the plaintiff purchased, of the defendants in that suit, the mortgage upon which the present questions arise.

It is not denied that the judgment was conclusive as between Mrs. Rathbone and the defendants, not only in that suit, but wherever the question might fairly arise between them. The objection is that that judgment did not assume to, and did not, in fact, make any adjudication as between the defendants themselves, but only as between them and the plaintiff therein; and further, that the present plaintiff is not a party to that suit, and it is not competent for him to have the benefit of that adjudication.

The general rule is, that all are bound by a judgment who had a right to be heard therein and all who are in privity with them; and that all who are bound by a judgment are entitled to the benefit of it against parties to it or their privies. 1 *Greenl. Ev.* §§ 522, 523. Castle *v.* Noyes, 14 *N. Y.* (4 *Kern.*) 329, involved the same general principles as the present case. Castle claimed the property in suit under a mortgage from the former owner, and the defendant claimed under an execution against the same owner. A suit had before been brought by the defendant against one Ronk, a servant of the plaintiff's testator, for taking away a portion of the same property, alleging fraud in the mortgage. This action was, in fact, defended by Castle's testator, who assumed the defense of his servant. It was held that the judgment in favor of the servant in the former suit was conclusive in the present suit, in favor of Castle. The court say: "It is by no means true that, in order to constitute an estoppel by judgment, the parties on record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment. In this sense the plaintiff's testator was clearly a party to the former suit, and as he would be bound by the result, so he or his representatives may insist that the determination is conclusive upon his adversary." And if one covenants for the result or consequences of a suit between others, as that a certain mortgage assigned by him shall produce a specific

sum, he thereby connects himself in privity with the proceedings, and the record of the judgment in that suit will be conclusive against him." Rappelye *v.* Prince, 4 *Hill,* 119.

Greenleaf thus explains it: "Under the term *parties,* in this connection, the law includes all who are directly interested in the subject matter, and had a right to make defense or to control the proceedings, and to appeal from the judgment." 1 *Greenl. Ev.* § 523. The general doctrine is, that the person who represents another, and the person who is represented, have a legal identity; so that whatever binds one in relation to the subject of their common interest, binds the other also. *Id.* § 536. A record is also evidence against one who might have been a party to it, for he cannot complain of the want of those advantages which he has voluntarily renounced. 2 *Stark. Ev.* 195; *Cow. & H. Notes to Phill. Ev.* 569. It is provided by statute that, in an action affecting the title to real property, the plaintiff may file with the county clerk a notice such as was fired in the present case, and that every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he was made a party to the action. *Code,* § 132; 4 *Cow.* 667; 11 *Wend.* 442. I doubt not that such subsequent purchaser would be entitled to make himself a formal party defendant, if his interests required it, and to conduct a defense in his own name, although a purchaser of a mortgage interest only. The plaintiff was thus a party in interest in that suit—a substantial privy of this vendor, and his rights as assignee of the mortgage are as effectually cut off by Mrs. Rathbone's judgment and decree as if he had been named as party defendant in her suit.

I do not find in the cases any such qualification of the rule that defendants are bound by a judgment to which they are parties, as that this effect is not produced as between themselves. The rule is general and reciprocal. Its object is to produce that "*finis litium*" which the law so greatly desires, and with so much difficulty finds. The plaintiffs and the defendants, and each plaintiff and each defendant, and as between each plaintiff and each defendant, find here an estoppel upon every

question involved in the judgment. There is no such limitation as the defendants contend for, and a defendant can claim the advantage of the termination of the controversy against his co-defendants, in the same manner as against a plaintiff.

There is another objection arising upon the charge of the judge, which it is necessary to consider. The judge charged the jury " that if the representations made to the plaintiff were untrue, although the defendant Ward did not know that they were so, yet if he was informed and knew of facts, which, in the exercise of common sense and ordinary prudence, were sufficient to put him on inquiry, and would have led him to a knowledge of the condition of the title, he would be liable the same as if he had actual knowledge."

The representation which gives the cause of action was, " that the mortgage was *bona fide*, was all secured, and as straight as a string; that Davis had a clear title to the land; and that this was the first incumbrance;" while it was proved that the mortgage was worthless, and that Davis had no title. This representation was made by the defendant Clarke, not by Ward in person. The proof was clear that Clarke was informed of everything respecting the condition of the mortgage, and understood all the facts in regard to it. The negotiation for the sale of the mortgage by Ward to the plaintiff was made by Clarke, as the agent of Ward, and the knowledge of the agent was the knowledge of the principal. Upon the case as it was presented by the proof, the charge was right, and I am inclined to the opinion that it is right in the abstract. Bennet *v.* Judson, 21 *N. Y.* 238, is cited to sustain the charge, but goes much farther. In that case the proposition is laid down broadly that " one who, without knowledge of its truth or falsity, makes a material representation, is guilty of fraud as much as if he knew it to be untrue." This destroys the distinction between fraud and negligence, which I suppose to be well established, and I am not prepared to reiterate it in a case which does not require it. I concur fully in the proposition laid at the trial of that case, that having *received the fruits of the bargain*, the defendant was liable for the fraud of his agent, although he did not authorize the statement, or know that it was made, or whether

it was true or false. That rule was all that the facts required, and all, therefore, that was really decided.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.