Sheridan *v.* Andrews.

---

### BERNARD SHERIDAN, Appellant, *v.* BENJAMIN ANDREWS, Respondent.

(GENERAL TERM, SECOND DEPARTMENT, JUNE, 1870.)

Since the Revised Statutes, a judgment in ejectment has the same conclusive effect as obtains in favor of judgments in other classes of actions, *i. e.* : it is conclusive upon the parties to the action, and all those who afterward stand in privity with them; hence the action of ejectment affects the title to land, and section 132 of the Code, provides for the filing of a notice of *lis pendens* therein.

Where, in ejectment commenced in 1856, judgment was recovered and entered, but there was no *lis pendens* filed.—*Held*, that a grantee of the defendant in the action, taking title after entry of the judgment was not chargeable with constructive notice of its existence.

All such facts as might legally be established by the evidence, and are necessary to support the judgment, are to be assumed, on appeal to have

been found in conformity with the judgment directed; when there is nothing in the conclusions in conflict with the assumption.

APPEAL from judgment recovered on decision of the judge of the City Court of Brooklyn. The action was brought to recover possession of a lot of land situated in the city of Brooklyn. For the purpose of maintaining it the plaintiff proved and read in evidence a judgment roll, in an action brought by himself as plaintiff, against Stephen C. Jackson, for the recovery of the possession of the same premises. That action was commenced on the 27th day of October, in the year 1856, and the plaintiff recovered the judgment in it on the 19th of November, 1856. By the judgment recovered, it was adjudged that the plaintiff should recover of the defendant in that action the possession of the premises in controversy in this suit, for the remainder of the term of 500 years, commencing on the 2d day of February, 1850, and unexpired at the date of the judgment. At the time of the recovery of that judgment the defendant in the action was the owner of the premises affected by it; and, by his tenant, was in the possession of the same, and he remained in that manner in possession until the year 1864. While he was so in possession, and on the 14th of April, 1864, Stephen C. Jackson, together with his wife, executed a deed of the premises to John Andrews, in trust, among other things, to execute mortgages upon them for the purpose of raising money for the payment of taxes, assessments and encumbrances upon them. At, or soon after that time, and in the year 1864, Jackson put Benjamin Andrews in possession by procuring the tenants to attorn and pay rent to him for the trustee in the deed. On the day of the date of the deed, the grantee and trustee in it, executed and delivered to E. D. Coidts, a mortgage upon the premises to secure the sum of $1,400, at that time loaned by the mortgagee to the mortgagor. The money was raised to redeem the premises in suit and others, from a judgment against Stephen C. Jackson, on which they had been previously sold. This mortgage was afterward assigned to Thomas D. Andrews,

who died in the year 1866, and the defendant, Benjamin Andrews, was appointed his administrator, and as such, foreclosed the mortgage, and on the 10th of December, 1867, acquired the title to the mortgaged premises under a sale made in pursuance of the judgment recovered in the foreclosure suit. A sale of the land under the provisions of the trust deed, allowing the trustee to sell, to raise money to pay taxes and other encumbrances, was made by him on the 8th of January, 1868, for the sum of $500, to Rachel Andrews, the wife of Benjamin Andrews. No notice was filed stating the pendency of the action brought by the plaintiff against Stephen C. Jackson for the recovery of the possession of the premises. But evidence was given by the defendant in that suit, as a witness for the plaintiff in the present case, that the defendant, Benjamin Andrews, was informed of the judgment when the tenants were turned over to him. This evidence was contradicted by Benjamin Andrews, and the fact was not expressly found by the judge before whom the action was tried. No evidence was given tending to show that the grantee in the trust deed or the mortgagee in the mortgage, executed by him, had actual notice of the existence of the judgment recovered by the plaintiff against Stephen C. Jackson. The judge directed judgment for the defendants, and the plaintiff appealed from the judgment entered upon that direction.

*Paine & Reid,* for the appellant.

*I. Andrews,* for the respondent.

Present—Joseph F. Barnard, P. J., E. D. Smith and Daniels, JJ.

By the Court—Daniels, J. As the law formerly stood, there can be no doubt but that the judgment recovered in the action brought by the plaintiff against Stephen C. Jackson would have warranted a recovery by the plaintiff against the

present defendants; for although a judgment in an action of ejectment was only conclusive in an action afterward brought for the recovery of mesne profits (*Hopkins* v. *McLaren*, 4 Cow., 667) before the Revised Statutes, that rule was at that time changed. From that time the judgment in such an action became conclusive on the rights of the parties to the subject-matter of the action, and all persons claiming from, through or under them by title accruing after the commence ment of the action. (3 R. S., 5th ed., 596, §§ 29, 31.) Where the judgment was by default, as it was in the present instance, this absolute effect could be acquired by it only at the expiration of the period of three years from the time of docketing it. Subject to that special exception the same conclusive effect was given by the statute to the judgment in an action of ejectment, as the common law had previously main tained respecting judgments in the other classes of actions; for they were conclusive on the parties to the action, and upon all those who afterward stood in privity with them. (*Doty* v. *Brown*, 4 Com., 71; *Castle* v. *Noyes*, 4 Kern., 329; *Campbell* v. *Hall*, 16 N. Y., 375, 578–9; 1 Greenleaf's Ev., 7th ed., §§ 523, 536.)

The effect given by this statute to the judgment recovered in an action of ejectment clearly rendered that action one which affected the title of the property in controversy in it. For it bound that title not only as to the parties to the action, but also as to all who derived title under them from the time of the commencement of the action. To that extent the judgment, while it remained in force, conclusively settled the rights of the parties, and those claiming under them, or either of them, to the property in controversy. No judgment concerning the rights of parties to real property could have any greater effect than that upon the title of those affected by it. The action was one for that reason in which a notice of its pendency should have been filed in order to secure this statutory result against subsequent purchasers and encumbrancers, not otherwise having notice of the pendency of the suit or the recovery of the judgment. Prior to the

Sheridan *v.* Andrews.

changes made by the Code of Procedure, a notice of that description was only required in a certain class of actions brought exclusively in the Court of Chancery. (2 R. S., 103, § 48.) But this provision was so far changed and extended by the Code as to include all actions, both legal and equitable, whose immediate or ultimate object should be to affect the title to real property. And it was further provided that the pendency of such an action should be constructive notice to a purchaser or encumbrancer of the property affected by it only from the time of filing the notice. This was the condition of the law when the action was commenced, in which the judgment relied upon by the plaintiff was recovered. (Laws of 1851, 884, § 132.) And it has remained unchanged ever since that time. (Code, § 132.)

As the notice required by that section of the statute for the purpose of securing the full effect of the judgment against subsequent purchasers and encumbrances, was not filed in the action brought by the plaintiff against Stephen C. Jackson, the judgment recovered in it was deprived of the effect which it otherwise must have had under the antecedent provisions adopted by the Revised Statutes upon that subject.

There was no evidence given upon the trial tending to show that either the grantee in the trust deed, or the mortgagee in the mortgage given by him had any notice of the existence of the judgment which the plaintiff had previously recovered against the grantor. And, under the circumstances of this case, they must be presumed to have acted without notice and in good faith, in taking the grant and encumbrances respectively executed and delivered to them. This is particularly so with the mortgagee, and it was under him the defendants were in possession, for he advanced the money to the mortgagor, for which the mortgage was received by him. And the same observations are equally applicable to the final purchaser of the fee of the land upon the sale ultimately made of it by the trustee.

Evidence was given tending to prove that the defendant, Andrews, had received such notice. But, even if he had,

that could not affect the grantee in the previously delivered trust deed, or the mortgage which the mortgagee had at or before that time received and advanced his money upon. Neither could it impair the rights of the purchaser of the fee at the sale made by the trustee, for there was no evidence tending to show that such notice had been communicated to her.

The fact that such notice was given to the defendant was denied by him as a witness upon the trial, and the contrary was not found by the judge before whom the trial was had. If essential to the support of the judgment, it must be presumed that he found no such notice to have been given. For all such facts as might legally be found to be established by the evidence, and are necessary for the support of the judgment, are to be assumed to have been found by the court in conformity with the judgment directed, when nothing can be found in its conclusions in conflict with that supposition. No reason is shown by the case for doubting the correctness of the judgment appealed from. It should, therefore, be affirmed with costs.

Judgment affirmed.